PEOPLE v. DROLET.

WITNESSES—EVIDENCE—CROSS-EXAMINATION—BIAS AND INTEREST OF COMPLAINING WITNESS.

The fact that the complaining witness in a prosecution for assault with intent to do great bodily harm, etc., has a civil action pending against respondent, is admissible on cross-examination to show the extent of the witness' bias or interest and is subject to comment in the argument.

Exceptions before judgment from the recorder's court of Detroit; Phelan, J. Submitted April 29, 1909. (Docket No. 114.) Decided May 26, 1909.

Charles Drolet was convicted of an assault with intent to do great bodily harm less than the crime of murder. Reversed.

*Richard I. Lawson* and *William G. Fitzpatrick*, for appellant.

*Philip T. Van Zile*, Prosecuting Attorney, *Fred H. Aldrich*, Assistant Prosecuting Attorney, for the people.

MOORE, J. The respondent was convicted of a charge

of assault with a deadly weapon with intent to do great bodily harm less than the crime of murder. The case is brought here by writ of error before sentence.

It is claimed the assault was made upon one Calvin. The theory of the people was that the respondent, smarting under a defeat in a wrestling match with the complaining witness, left his barroom, went to the living apartments over the saloon, armed himself with a revolver, came down, and deliberately shot the complaining witness, who was unarmed, and who at the time he was shot was standing with his hands above his head. The theory of the defense is that Calvin, who had a reputation as a fighter and a quarrelsome man, after having thrown the respondent and his brother to the floor twice, and after having thrown or forced the respondent against the back bar, and after having struck respondent's brother on the head, and forcing his hat down over his ears, and after having been requested by the wife of respondent's brother to leave the place, and after having been ordered to leave by the respondent, in a fit of anger and rage, having been warned that he would be shot if he persisted, attempted to assault the respondent, who, in fear of his life and after his life had been threatened, shot in self-defense.

Mr. Calvin was a witness on the part of the people. On his cross-examination the following occurred:

" *By Mr. O'Connor: Q.* Mr. Calvin, is it not a fact that you have a suit now pending in the circuit court against Mr. Charles Drolet for $25,000?

" *Mr. Hanley:* Just a moment; I object to that.

" *The Court:* I will sustain the objection. I desire to say, in connection with that, that I cannot see how the answer to that question will in any way throw any light on the question whether or not this defendant, this respondent, shot this witness on the night in question, with the intent to do him great bodily harm. That is the question we are engaged here in trying, and not whether or not he has been actuated in suing the defendant for $25,000.

" *Mr. O'Connor:* I take an exception."

In his charge the judge used the following language:

"You have no right to permit your verdict, to permit your judgment, to be swayed by the reference in the argument of counsel for the defendant that the complaining witness has brought an action against this defendant in the sum of many thousand dollars, for that has nothing to do whatever with this case. That is a matter for another court to determine."

It is said this ruling and this statement to the jury constitute reversible error.

We think this conclusion is correct. The bias or interest of a witness is always a proper subject of inquiry, and, if shown, a proper subject of argument by counsel. It is true that enough appeared in the case to show that Mr. Calvin was the person upon whom the assault was made, from which the inference might fairly be drawn that he was a biased and interested witness; but the extent of the bias and the present interest of the witness were proper subjects of inquiry. We think the case is within *Crippen* v. *People,* 8 Mich. 117, *Patten* v. *People,* 18 Mich. 314 (100 Am. Dec. 173), *Geary* v. *People,* 22 Mich. 220, *Threadgool* v. *Litogot,* 22 Mich. 272, *Hamilton* v. *People,* 29 Mich. 197, *Tolbert* v. *Burke,* 89 Mich. 132 (50 N. W. 803), *Swift Electric Light Co.* v. *Grant,* 90 Mich. 469 (51 N. W. 539), and *People* v. *Row,* 135 Mich. 508 (98 N. W. 13).

As a new trial must be ordered for the reason stated above, we deem it unnecessary to discuss the other assignments of error, as the same questions are not likely to arise.

The verdict is set aside, and a new trial ordered.

MONTGOMERY, OSTRANDER, HOOKER, and BROOKE, JJ., concurred.