## STATE OF MISSOURI, Respondent, v. J. E. DECKER, Appellant.

Springfield Court of Appeals, February 5, 1912.

1. **CRIMINAL LAW: Evidence Showing Interest of Witness in Prosecution.** Appellant was convicted for common assault, the prosecuting witness claiming that he had taken hold of her against her will and kissed her. On cross-examination the prosecuting witness was asked if she had employed any attorneys in the case. She was also asked if she contemplated bringing a civil suit against the defendant, predicated on the facts she had testified to. Both of these questions were objected to by the prosecuting attorney and the objection sustained and the testimony excluded. Defendant's attorney then made an offer to prove by the witness that she contemplated bringing a civil action and had employed attorneys to prosecute that suit for her and that the offer was made to show the interest of the witness in the result of the case. *Held,* under the facts in this case, that the action of the trial court in excluding this testimony was reversible error.

2. ————: ————: ————. A wide range of cross-examination should be. allowed to show the motive, interest or animus of a witness.

3. ————: ————: ————. The jury have the right, both in civil and criminal cases, to consider the interest which the witness may have in the result of the litigation.

4. ————: ————: ————. It is proper to ask a witness in a criminal case if he has not a suit pending against the accused, growing out of the matter complained of in a criminal prosecution.

Appeal from Greene Criminal Court.—*Hon. Alfred Page,* Judge.

REVERSED AND REMANDED.

*Patterson & Patterson* for appellant.

(1) The trial court erred in refusing to admit evidence showing the prosecutrix's interest in this case. R. S. 1909, secs. 6354, 6230; R. S. 1899, secs. 2637, 4652;

Hess v. Bakery, 210 Mo. 57; State v. Darling, 202 Mo. 170; State v. Thornhill, 177 Mo. 691; State v. Nelson, 166 Mo. 191; 3 Ency. of Evidence, 771.

*J. H. Mason,* Prosecuting Attorney, for respondent.

GRAY, J.—This case is pending in this court on defendant's appeal from a judgment of the criminal court of Greene county, convicting' him of a common assault. The information charged that the defendant made a felonious assault upon one Mrs. Chumley, with the intent to forcibly rape and carnally know her. The trial was before a jury and an instruction was given to the effect that the testimony did not authorize a conviction for felonious assault, but authorized a conviction for common assault, and the jury returned a verdict of guilty and assessed the punishment at a fine of $1.

The prosecuting witness, Mrs. Chumley, furnished the testimony in behalf of the state, and the defendant in his own behalf. There was a direct conflict in their testimony. The prosecuting witness claiming that the defendant took hold of her against her will and kissed her. This testimony was contradicted by the defendant.

On cross-examination of Mrs. Chumley, she was asked if she had employed any attorneys in the case. The question was objected to and the objection sustained. She was then asked if she contemplated bringing a civil suit against the defendant predicated on the facts she had testified to. On objection of the prosecuting attorney, this testimony was also excluded. The defendant's attorney then offered to prove by the witness that she was contemplating bringing a civil action against defendant predicated upon the facts she had testified to, and that she had employed certain attorneys to prosecute that suit for

her, and stating that the offer was made for the purpose of showing the interest of the witness in the result of the case, and the action of the court in excluding the testimony constitutes the sole ground urged for the reversal of this judgment.

A wide range of cross-examination should be allowed to show the motive interest or animus of a witness. [State v. Steele, 226 Mo. 583, 126 S. W. 406; State v. Darling, 202 Mo. 150, 100 S. W. 631; Stewart v. State, 58 Fla. 97, 50 So. 642; West Shokie Drainage District v. Dawson, 90 N. E. 377, 243 Ill. 175.]

The jury have the right both in civil and criminal cases to consider the interest which the witness may have in the result of the litigation. [State v. Darling, supra; State v. Thornhill, 177 Mo. 691, 76 S. W. 948; Koenig v. Union Depot Railway Co., 173 Mo. l. c. 722, 73 S. W. 637; State v. Elkins, 101 Mo. 344, 14 S. W. 116; Waddingham v. Hulett, 92 Mo. 528, 5 S. W. 27; State v. Tawney, 105 Pac. 218, 81 Kans. 162; Dotterer v. State, 88 N. E. 689, 172 Ind. 357.]

It is proper to ask a witness in a criminal case if he has not a suit pending against the accused growing out of the matter complained of in the criminal prosecution. [People v. Drolet, 121 N. W. 291, 157 Mich. 90; Oldham v. Commonwealth, 125 S. W. 242; State v. Constantine, 93 Pac. 317; People v. Peltz, 143 Ill. App. 181.]

In Koenig v. Union Depot Co., supra, the action was for damages for the negligent killing of plaintiffs' child. Lee Meriwether was the attorney for plaintiffs and was a witness in their behalf. The defendant offered to prove by him that he had a financial interest in the result of the suit. The testimony was excluded and the Supreme Court held that the trial court committed error in so doing.

In State v. Elkins, supra, the state called a witness and proved by him that two of the witnesses who had testified for the defendant bore bad reputations

for truth. The defendant on cross-examination, asked the witness if he had not endorsed notes to secure the prosecution of the defendant and made himself liable for attorney's fee. The testimony was excluded and exceptions saved. The Supreme Court said: "It was entirely competent to show that the witness was interested in the prosecution for the purpose of effecting his credibility, and the evidence should have been received."

In Waddingham v. Hulett, supra, the plaintiff commenced suit by attachment and a plea in abatement was filed, but afterwards withdrawn. Certain witnesses testified for the defendant, and the plaintiff offered to show that the defendant had conveyed to the witness his interest in the lands attached. The testimony was excluded, and the Supreme Court in discussing the action of the trial court said: "In this we think the court committed error, as it was competent for the plaintiff to affect the credit of defendant's two most important witnesses, by showing that they had an interest in the result of the suit. This evidence would have shown that they had a direct interest in such result, since a verdict for the defendant discharged the lands to which they held the legal title from all liability to being subjected to the plaintiff's debt."

The rejection of such testimony does not necessarily result in a reversal in every instance. The case may have been made by other testimony of such force that the rejection of the testimony would be held an immaterial error. But in this case the accusation is one easily made and as has well been said, hard to defend against, no matter how innocent a man may be. The only substantial testimony in support of the state's case was given by the prosecuting witness herself. The jury assessed the nominal fine of $1, and if the court had permitted the defendant to prove her motive for the prosecution, and that she contemplated

and had arrangements made to sue the defendant for damages predicated upon the facts testified to by her, we cannot say the verdict would not have been for the defendant.

The judgment will be reversed and the cause remanded. All concur.