## PEOPLE *v.* FIELD.

1. EMBEZZLEMENT—CUSTODIAN OF SECURITIES—KEYS OF SAFETY DEPOSIT BOX.

In prosecution for embezzlement by resident manager of office of securities firm, to whom complaining witness had turned over keys of her safety deposit box containing valuable securities, defendant *held*, at least a custodian of the securities under embezzlement statute (Act No. 328, § 174, Pub. Acts 1931).

2. CRIMINAL LAW—EMBEZZLEMENT—INSTRUCTIONS—RELATION BETWEEN EMPLOYER AND COMPLAINING WITNESS.

In prosecution for embezzlement by resident manager of office of securities firm, jury *held*, properly instructed as to relationship between party who left keys to her safety deposit box containing valuable securities with defendant and firm by which he was employed (Act No. 328, § 174, Pub. Acts 1931).

3. SAME—EMBEZZLEMENT—SETTLEMENT OF CIVIL ACTION.

Settlement of civil action between employer and complaining witness in prosecution of employee for embezzlement would be no bar to such criminal prosecution (Act No. 328, § 174, Pub. Acts 1931).

4. SAME—EMBEZZLEMENT—CROSS-EXAMINATION—INTEREST—BIAS.

In prosecution of securities firm's local office manager for embezzlement, court's refusal to permit cross-examination of people's chief witness regarding settlement of a civil action she instituted against the employer, in order to show her interest, bias, or motives, *held*, reversible error (Act No. 328, § 174, Pub. Acts 1931).

5. EMBEZZLEMENT—VARIANCE—STATUTES—INFORMATION—EVIDENCE.

In prosecution for embezzlement, claimed fatal variance between information and proofs *held*, without foundation in view of statute permitting information in such prosecution to be in general terms and allowing proof of any such offense within six months next after the time stated (3 Comp. Laws 1929, § 17274; Act No. 328, § 174, Pub. Acts 1931).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted June 15, 1939. (Docket No. 120, Calendar No. 40,382.) Decided September 5, 1939.

Jess R. Field was convicted of embezzlement. Reversed and new trial granted.

*Allaben & Wiarda,* for appellant.

*Thomas Read,* Attorney General, *Fred N. Searl,* Prosecuting Attorney, and *Menso R. Bolt,* Assistant Prosecuting Attorney, for the people.

BUSHNELL, J. Defendant Field was allowed an appeal from a sentence imposed after his conviction by a jury of the crime of embezzlement. He was charged with violation of the provisions of Act No. 328, § 174, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 17115–174, Stat. Ann. § 28.371). See 3 Comp. Laws 1929, § 16980. This section reads:

"Any person who as the agent, servant or employee of another, or as the trustee, bailee or custodian of the property of another, or of any partnership, voluntary association, public or private corporation, or of this State, or of any county, city, village, township or school district within this State, shall fraudulently dispose of or convert to his own use, or take or secrete with intent to convert to his own use without the consent of his principal, any money or other personal property of his principal which shall have come to his possession or shall be under his charge or control by virtue of his being such agent, servant, employee, trustee, bailee or custodian, as aforesaid, shall be guilty of the crime of embezzlement, and upon conviction thereof, if the money or personal property so embezzled shall be of the value of fifty dollars or under, shall be guilty of a misdemeanor; if the money or personal property so embezzled be of the value of more than fifty dollars, such person shall be guilty of a felony, punishable by imprisonment in the State prison not more than ten years or by a fine not exceeding five thousand dollars.

"In any prosecution under this section, the failure, neglect or refusal of such agent, servant, employee, trustee, bailee or custodian to pay, deliver, or refund to his principal such money or property entrusted to his care upon demand shall be *prima facie* proof of intent to embezzle."

Field was the resident manager of the Grand Rapids office of Rudolph Schmittdiel, Inc., a Detroit securities firm. The people's chief witness was Miss Ida M. Barrett, who had lived in Grand Rapids about 40 years. Her accumulated savings were invested in various stocks and bonds which she kept in a safety deposit box. She met Field in 1936 and bought some Michigan Brewery Company stock from him. Later she brought her securities from her safety deposit box to the Schmittdiel office, where

they were listed by Field and a copy of the inventory was given to Miss Barrett. Before leaving Grand Rapids for the winter, Miss Barrett gave Field a key to the deposit box and arranged that he might have access thereto, so she claimed, for the purpose of exchanging certain stock and clipping the interest coupons on three bonds. Field claimed the arrangement was for the purpose of permitting him to deal generally with securities belonging to Miss Barrett and trade in the market for her benefit with the proceeds. In any event, this arrangement later resulted in the charge by Miss Barrett that Field had embezzled the property described in the criminal information, namely, $2,691 in cash and one bond of the Southern California Edison Company of the value of $1,075; and one Telephone bond and share of the value of $840; and one certificate of the Atlas Corporation of the value of $1,700; all of the value of $6,306.

Although defendant introduced in evidence on cross-examination of Miss Barrett certain letters from her to Field which show that the dealings were between the parties individually, he claimed that the transactions were solely between Miss Barrett and Schmittdiel, Inc., his employer. Field, testifying in his own behalf, was unable, however, to account for the missing cash and securities other than by his losses in trading in the market for Miss Barrett. He admitted that he lied when he said he did not know of the whereabouts of Lois Menish, one of his employees in the Schmittdiel office, in whose name a bank account was maintained for certain funds including those belonging to Miss Barrett and used by Field for the purpose of trading in securities. This employee, testifying as a rebuttal witness for the people, said she never made any report to Schmittdiel, Inc., regarding the bank account, and that Field

gave her money to deposit and instructed her regarding withdrawals and no one else had any connection with the account. There was only a small balance in this account when the Schmittdiel office in Grand Rapids was closed, after Field's arrest.

Appellant complains of the court's charge to the jury and argues that a "reasonable explanation of the entire transactions" as shown by the defense requires a holding that respondent was not proven to be guilty beyond a reasonable doubt, and that the verdict was contrary to the great weight of the evidence.

The claimed error in the charge has to do with the court's statement that "when he (Field) received the key to this safety deposit box, those securities came into his hands then as custodian." Appellant claims that:

"This asumes as established a fact to be proved. Furthermore, if it is true that he merely had custody, then the crime is not embezzlement."

By his theory of the relationship, Field claimed to have the right to the possession of the securities for the purpose hereinbefore described. He was at the very least a custodian in the eyes of the statute.

*People* v. *Hoefle*, 276 Mich. 428, is cited in support of the argument that the court completely removed defendant's theory from the jury's consideration. It is not necessary to quote the language of the charge as to defendant's theory of the relationship between Miss Barrett and Schmittdiel, Inc., it being sufficient to say that the jury was carefully and correctly instructed on this phase of the case.

Defendant's strongest argument for reversal is that based upon the court's refusal to permit appellant to cross-examine the people's chief witness, Miss Barrett, regarding a settlement of a civil action

she instituted against Schmittdiel. The court correctly stated that such settlement was not a bar to the criminal proceedings.

However, "the interest or bias of a witness has never been regarded as irrelevant." *People* v. *MacCullough,* 281 Mich. 15, 26. In *Crippen* v. *People,* 8 Mich. 117, 128, it was held to be error not to permit cross-examination as to an agreement between the witness and others involving a civil action on the same matter, the court saying:

"The evidence was admissible to show the interest of the witness in the public prosecution, and the influence it might have on his testimony for the people."

See, also, *Hamilton* v. *People,* 29 Mich. 195; *Hitchcock* v. *Moore,* 70 Mich. 112 (14 Am. St. Rep. 474); and *Clink* v. *Gunn,* 90 Mich. 135.

Plaintiff should have been permitted to cross-examine Miss Barrett as to her interest or bias. The verdict must be set aside and a new trial granted because of this error.

The claimed fatal variance between the information and the proofs is without foundation in view of 3 Comp. Laws 1929, § 17274 (Stat. Ann. § 28.1000), which permits the information to be in general terms and allows proof of any such offense "within six months next after the time stated in the information or indictment."

Because a new trial is granted, it is unnecessary to pass upon appellant's claims as to reasonable doubt and the great weight of the testimony.

The sentence imposed is vacated and the cause is remanded to the superior court for a new trial.

Butzel, C. J., and Wiest, Sharpe, Potter, Chandler, and North, JJ., concurred with Bushnell, J.

McAllister, J. (*concurring*). Nowhere is the right of cross-examination of more importance than in cases where persons are tried for crime. Motives of witnesses in testifying with regard to such persons may include recrimination and revenge. While, here, the settlement in the civil case was no bar to the criminal prosecution, it was proper for the defense to show that Miss Barrett had stated, in effect, that if she did not receive more money for settlement of the alleged criminal fraud against her, she would resort to criminal proceedings—that if she had received $1,000 more from the accused, he would never have been in court. Such facts, if true, would tend to show that, instead of being interested only in bringing a criminal to justice from motives in the public interest, she had been actuated by personal motives and was using a threat of criminal proceedings for the purpose of bargaining. These facts, if admitted or proved, would have been of importance to the jury in estimating the value of her testimony. The defense was prevented by the ruling of the court from inquiring into such matters on cross-examination. This was error and the judgment should be reversed.

Butzel, C. J., and Potter, Sharpe, Chandler, and North, JJ., concurred with McAllister, J.