### PEOPLE *v*. RICHMOND

1. WITNESSES—IMPEACHMENT—INTEREST OR BIAS.

   Refusing to permit defendant to impeach the testimony of a prosecution witness in a prosecution for felonious driving by showing that the witness, who owned the car and was present in it when it struck another vehicle, had retained private counsel to institute a personal injury suit arising out of the accident against the defendant was error.

2. WITNESSES—IMPEACHMENT—INTEREST OR BIAS—OUTCOME OF LITIGATION.

   A wide range of cross-examination should be allowed to show the motive, interest, or *animus* of a witness because the jury has the right both in civil and criminal cases to consider the interest which a witness may have in the outcome of the litigation.

3. WITNESSES—IMPEACHMENT—DISCRETION.

   The scope of cross-examination of a witness to show interest or bias is within the discretion of the court and the test to be applied is whether the cross-examining party is unduly or prejudicially restricted.

4. WITNESSES—IMPEACHMENT—INTEREST OR BIAS—DISCRETION.

   The defendant was unduly restricted in the latitude of his cross-examination of a people's witness in a prosecution for felonious driving and the court, erred in refusing to permit him to show the witness's interest or bias where there was strong conflicting testimony as to whether the defendant or the witness was driving the car, the people relied heavily on the witness's testimony, and the verdict could have easily been the contrary

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 58 Am Jur, Witnesses § 674 *et seq.*
[3] 58 Am Jur, Witnesses § 625.
[5] 58 Am Jur, Witnesses § 676.

had the defendant been permitted to impeach the witness's testimony.

5. WITNESSES—IMPEACHMENT—INTEREST AND BIAS—CIVIL ACTION.
   A criminal defendant has the right to cross-examine a witness for possible bias and prejudice where the witness has contemplated a civil action and made arrangements to sue the defendant for damages based on the facts testified to by the witness.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 June 10, 1971, at Grand Rapids. (Docket No. 8691.) Decided July 23, 1971.

Michael Allen Richmond was convicted of felonious driving. Defendant appeals. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *William Buhl*, Prosecuting Attorney, for the people.

*Wickett, Erickson & Beach* (by *John W. Mitzel*), for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and J. H. GILLIS, JJ.

FITZGERALD, J. Defendant was convicted of felonious driving by a jury in the Van Buren County Circuit Court pursuant to MCLA § 752.191 (Stat Ann 1954 Rev § 28.661) on September 18, 1969, and sentenced on November 3, 1969, to a term of 15 months to 2 years in prison. Defendant appeals as of right.

The accident giving rise to the offense in question occurred on May 30, 1968. The record reveals that on that date defendant and Timothy Sage were seen

by a gas station attendant at approximately 9 p.m. in the vicinity of the station, located near the Mattawan exit of highway I–94. They then proceeded toward Mattawan at a high rate of speed in a 35-mile-per-hour zone. Two state troopers patrolling traffic on the east-bound ramp of highway I–94 and the Mattawan exit, hearing tires squeal and seeing the Sage vehicle coming over an overpass nearby, gave chase. The troopers testified that the Sage vehicle, prior to the accident, was traveling at a speed of approximately 80 to 90 miles per hour. Approximately one mile from the point at which the troopers gave chase, the Sage vehicle struck another vehicle attempting to turn off the county road.

The troopers, upon arrival at the scene approximately half a minute after the crash, observed a passenger from the Sage vehicle, identified as Timothy Sage, staggering across the roadway and observed defendant pinned in the automobile. Defendant's feet were in the automobile while the trunk of his body was on the ground, his legs pinned in the vehicle by the position of the driver's door which was sprung.

Testimony at the trial of this case conflicted regarding the question of whether Sage or defendant was driving the Sage vehicle at the time of the accident. While defendant did not take the stand in his own behalf, Sage testified. His testimony indicated that defendant was driving the Sage vehicle with the permission of Sage. That testimony was corroborated by that of prosecution witness Manuel Cagle who stated that while the Sage vehicle was in the vicinity of the gas station, he saw the defendant behind the wheel of the vehicle as it departed for Mattawan.

Another prosecution witness, David Hiscock, owner of the vehicle struck by the Sage car, testi-

fied, however, that after the accident, Sage was located in the driver's position and that Sage thereupon climbed over the console and exited from the vehicle's passenger side.

Defense witness William Cutler testified that prior to the accident he had observed the two men in the Sage vehicle at the gas station and that defendant, both upon arrival at and departure from the station, was located on the passenger side while complainant Sage did the driving.

On appeal, two issues are under consideration. The first issue stems from the trial court's refusal to permit defense counsel to impeach the prosecution's chief witness Sage to show the interest or bias of that witness. More precisely, when defense counsel asked Sage whether he had retained counsel to process a personal claim on the case being tried, an objection by the prosecutor thereto was sustained.

Later, out of the hearing of the jury, defense counsel again made an offer of proof that Sage had retained private counsel to institute and follow up on a personal injury action as a result of the accident in question. Counsel explained to the court that the proofs were offered to show prejudice on the part of complainant, affecting his testimony against defendant. The court ruled such testimony would be improper as impeachment on collateral matters and irrelevant.

Defendant claims that the trial court's refusal to allow the foregoing questioning was improper in that a full cross-examination as to interest or bias of a witness is essential to a fair trial and that, while the trial court instructed the jury that they might properly consider the witness' interest, if any, in the verdict, no opportunity was granted defense counsel to show such interest.

He claims further that inasmuch as the proofs regarding guilt or innocence were very close, the denial of full cross-examination as to contemplated as well as commenced civil actions on the part of Sage is all the more meaningful and decisive in determining the outcome of the case.

In support of his position that the trial court's refusal to allow full cross-examination of Sage was erroneous, defendant relies upon *People* v. *Field* (1939), 290 Mich 173, which concerned cross-examination of the people's chief witness regarding settlement of a civil action which had been instituted against the defendant.

Defendant also relies upon *People* v. *Drolet* (1909), 157 Mich 90, which concerned cross-examination of a witness for the people regarding a pending suit instituted by that witness against defendant.

Both *Drolet* and *Field* hold that where civil actions have been commenced on the same matter as the action being tried, it is reversible error for the trial court to refuse to allow inquiry and argument regarding such connected action since the bias or interest of a witness is a proper subject of inquiry.

Neither case, nor cases cited therein, addresses itself to the precise issue we are concerned with here, which is the question of whether *contemplated* actions, and the retaining of private counsel to institute the same, may likewise be shown upon cross-examination where the contemplated civil action stems from the criminal action being tried.

While this issue remains undetermined in Michigan, *Villaroman* v. *United States* (1950), 87 App DC 240 (184 F2d 261), held that in an action against defendant for assault with a dangerous weapon, refusal to allow defendant to examine complainant as to a pending action for injuries arising from the alleged assault was deemed to be prejudicial error.

In *Villaroman,* the United States Court of Appeals stated:

"Bias of a witness is always relevant. Therefore pendency of a civil action by a prosecuting witness seeking damages for an assault being tried in a criminal action is a proper subject on inquiry. *Hughes* v. *State* (1937), 212 Ind 577 (10 NE2d 629). \* \* \* *Even a contemplated suit by a complaining witness may be shown. State* v. *Decker* (1912), 161 Mo App 396 (143 SW 544). (Emphasis supplied.) Expressing the underlying reasons supporting the rule, the court said:

'A wide range of cross-examination should be allowed to show the *motive, interest,* or animus of a witness. \* \* \* The jury have the right both in civil and criminal cases to consider the interest which the witness may have in the result of the litigation.' "

The Court, in *Decker, supra,* stated in part:

"The rejection of such testimony does not necessarily result in a reversal in every instance. The case may have been made by other testimony of such force that the rejection of the testimony would be held immaterial error. But in this case the accusation is one easily made and as has well been said, hard to defend against, no matter how innocent a man may be. The only substantial testimony in support of the state's case was given by the prosecuting witness herself. The jury assessed the nominal fine of $1, and if the court had permitted the defendant to prove her motive for the prosecution, and that she contemplated and had arrangements made to sue defendant for damages predicated upon the facts testified to by her, we cannot say the verdict would not have been for the defendant."

In the case at hand, where there was strong conflicting testimony and where the prosecution relied

heavily upon Sage's testimony, the verdict could easily have been contrary, had defendant been allowed to cross-examine Sage as to a contemplated civil action and preparation therefor.

It is true that the scope of cross-examination of witnesses to show bias or interest rests in the sound discretion of the trial court and will not be reversed, absent a clear showing of abuse. *King* v. *Daly* (1965), 2 Mich App 120, 125. The test in that case was whether plaintiff was unduly or prejudicially restricted.

The instant record reveals that, on the basis of the foregoing authority, defendant was unduly restricted in the latitude of his cross-examination. Based on the close proofs in this case, it was prejudicial to restrict the latitude of his cross-examination.

Even in the absence of precedents dealing with contemplated suits, the rationale is the same as commenced suits. The same privilege of cross-examination concerning contemplated actions must be extended to the defendant to inform the jury of the same possible bias and prejudice on the part of a witness' testimony.

Because a reversal is mandated, it is unnecessary to pass upon defendant's claims as to whether the prosecution's evidence presented at trial carried the burden of proof beyond a reasonable doubt.

Reversed and remanded.

All concurred.