PEOPLE v. FINCH

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 November 9, 1971, at Detroit. (Docket No. 10528.) Decided November 26, 1971. Leave to appeal denied, 386 Mich 787.

Otis Finch was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow*, State Appellate Defender, and *Jane Burgess*, Assistant Defender, for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant was convicted in a nonjury trial of second-degree murder[1] and sentenced to 25 to 30 years. He appeals from the entry of that sentence.

The defendant entered the Broker's Tip Bar on May 2, 1969, at about 9:30 p.m. and began giving

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.317; MSA 28.549.

the barmaid a rough time. She refused to serve him and then called the owner. The owner arrived and asked the defendant to leave the premises. Upon refusal, the said owner then seized a police billy club to aid in escorting the defendant from the bar. At this point, the defendant turned and shot the owner twice, killing him, and wounding a customer at the bar with another shot.

Defendant complains that at the trial a *res gestae* witness indorsed on the information was not called by the prosecutor. However, no objection was made at the trial. The police officers and prosecutor indicated to the court their efforts to locate the missing witness. Upon a showing of due diligence, the prosecutor will be excused from producing an indorsed *res gestae* witness. *People* v. *Alexander*, 26 Mich App 321 (1970). The issue was not raised at the trial court and will not be heard for the first time on appeal. *People* v. *Tiner*, 17 Mich App 18 (1969).

Defendant also complains that the trial court erred in foreclosing cross-examination of the wounded customer as to his pending negligence action against the defendant and the deceased bar owner. The permissible scope of cross-examination is a matter of discretion with the trial judge. *People* v. *Hill*, 27 Mich App 322 (1970). No abuse was demonstrated here.

Defendant lastly complains that the trial court prejudiced the defendant's rights by interfering with the examination of witnesses and unreasonably restricting the examination by defense counsel. It is within the discretion of the trial court as to the control of all relevant matters of the trial proceedings. *People* v. *Green*, 34 Mich App 149 (1971). The record discloses no prejudice to the defendant.

Affirmed.