PEOPLE v MOORE

1. LARCENY—STATUTES—CONVERSION—EMBEZZLEMENT.

The elements of larceny by conversion or embezzlement are to be found in the statute creating the offense; it is neither common-law larceny nor embezzlement, and is not to be tested by the common-law rules governing those offenses (MCLA 750.362).

2. LARCENY—CONVERSION—EMBEZZLEMENT—ELEMENTS OF CRIME.

Larceny by conversion or embezzlement is a statutory crime and consists of a delivery of property and its embezzlement, fraudulent conversion or concealment; the gist of the offense is the conversion and the character of the delivery, whether induced by legal or wrongful means, is not an element (MCLA 750.362).

3. CONVERSION—ELEMENTS.

Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with, rights therein.

4. LARCENY—CONVERSION—EVIDENCE.

Larceny by conversion was committed by defendant where he requested a jewelry store to send him two shipments of rings, valued in excess of $11,550, on approval, and returned only four rings of a value of $945 to the store although he repeatedly told the store and the police that he would return everything but the store neither received the rest of the merchandise nor payment for it (MCLA 750.362).

5. CRIMINAL LAW—CIVIL LIABILITY.

Civil liability for one's acts does not absolve one from criminal prosecution for them.

6. LARCENY—CONVERSION—EVIDENCE—SIMILAR ACTS—ADMISSIBILITY.

Testimony of a jeweler other than complainant jeweler in a prosecution for larceny by conversion or embezzlement that defendant had obtained diamond rings from him on approval,

REFERENCES FOR POINTS IN HEADNOTES
[1–4, 6] 50 Am Jur 2d, Larceny § 2.
[5] 50 Am Jur 2d, Larceny § 111.

on the pretext that he was about to be engaged, that he promised to return them if he did not like them, and that the jeweler witness had to sue defendant to compel payment for the rings, was admissible under the statute allowing similar or like acts of a defendant to be introduced to show his motive, intent, scheme, plan or system in doing the act and the absence of mistake or accident on his part (MCLA 768.27).

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 April 15, 1972, at Lansing. (Docket No. 12436.) Decided November 27, 1972. Leave to appeal denied. 389 Mich 783.

Martin Moore was convicted of larceny by conversion. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *William G. Wolfram,* Assistant Prosecuting Attorney, for the people.

*Seymour F. Posner,* for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and TARGONSKI,* JJ.

TARGONSKI, J. A jury convicted the defendant of larceny by conversion, MCLA 750.362; MSA 28.594. He was sentenced and filed this appeal.

Defendant first did business with the downtown store of Siegel Jewelry Company in Grand Rapids in September, 1969. He opened a charge account and was permitted to charge a watch which he took with him. In October 1969 the defendant, by telephone, requested the store to send a large selection of men's rings to him on approval. The value of this first shipment was in excess of $1,400.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Later in the month, on October 16th, defendant telephoned the store owner and requested shipment of two diamond engagement rings plus more men's rings for his examination on approval. This second shipment was valued at $10,150.

Sometime after the second shipment a salesman for Siegel made two or three telephone calls to the defendant at Southfield, Michigan and inquired if defendant had made up his mind. The last such call was made October 28, 1969 during which conversation defendant stated, "I sent it back yesterday, everything is taken care of". Following this telephone conversation Siegel received four men's rings.

In the interim between that phone conversation and the receipt of the four rings the store owner called defendant and asked where the rest of the merchandise was. Defendant told him that all but one ring and one watch had been returned by registered mail. When only a portion of the jewelry was received by Siegel further inquiry was made of the defendant. Again he replied that he had returned the merchandise.

After this episode the store owner went to the Southfield police who contacted the defendant. He advised the police that he would return everything to Siegel very shortly. In a subsequent telephone conversation between the Southfield police and defendant the latter indicated he would be returning everything to Siegel except two diamond rings which were gone. He stated that he would include a check to cover these rings. In a third telephone conversation between defendant and the Southfield Division police, defendant stated that he would return everything that day. The only merchandise that was ever returned was the four rings of a value of $945. Siegel never received the rest of the merchandise or payment for it.

The statute under which defendant was charged is appropriately analyzed in *People v Doe, alias Meyer,* 264 Mich 475, 481 (1933):

 "The offense is neither common-law larceny nor embezzlement, but is one of the crimes provided by statute law to occupy the no man's land surrounding the offenses against property at common law. It is not to be tested by the common-law rules of larceny or embezzlement, nor, of course, by the implications of names, such as 'larceny by embezzlement', sometimes given it for convenient reference, but its elements are to be found in the statute itself.

\* \* \*

"The crime has two elements, (1) delivery of property, and (2) its embezzlement, fraudulent conversion or concealment. The *character* of the delivery, whether induced by legal or wrongful means, is not an element. The gist of the offense is the conversion." (Emphasis in original.)

The testimony demonstrated beyond question that the property involved was delivered to the defendant. In *Nelson & Witt v Texas Co,* 256 Mich 65, 70 (1931), conversion was defined:

" 'Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.' "

This record contains ample evidence from which the jury could find the element of conversion. The crime charged was proved beyond a reasonable doubt.

This conclusion obviates discussion of defendant's first issue on appeal:

"Did the facts of the transactions in the case at bar give rise to a contract under the Uniform Commercial Code and the common law of contract, so that there was

at most a breach of contract and no possible criminal act?"

As stated, the issue contains a statement refuted by the record, namely: "No possible criminal act". The fact that the defendant may have been civilly liable does not absolve him from criminal prosecution, *People v Thorne,* 148 Mich 203, 205 (1907); *People v Field,* 290 Mich 173 (1939).

We do not, however, sanction the use of the criminal courts for the collection of private debts. We note the following quotation in *Tutton v Olsen & Ebann,* 251 Mich 642, 648 (1930), quoting favorably from *Hall v American Investment Co,* 241 Mich 349, 353 (1928), as follows:

"If one makes use of the criminal law for some collateral or private purpose, such as to compel the delivery of property or payment of a debt rather than to vindicate the law, he is guilty of a misuse of process and a fraud upon the law."

The facts of this case, however, indicate a desire to vindicate the law rather than to compel payment of a debt or return of property.

Over defendant's objection, another jeweler was permitted to testify that on May 14, 1968, defendant represented to him that defendant was contemplating becoming engaged and asked to take two diamonds home. This was arranged on the basis that defendant could return the diamonds if he did not like them. After further transactions and partial payments, this jeweler filed a civil action against defendant. In light of MCLA 768.27; MSA 28.1050, we do not agree with defendant's contention that the admission of this testimony was reversible error.

Affirmed.

All concurred.