STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MAX BEN SAWICKY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 8, 1978—Decided November 27, 1978.

94

Before Judges LORA, MICHELS and LARNER.

*Mr. Stanford M. Singer,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Kenneth Ply,* Special Deputy Attorney General, argued the cause for respondent (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Mr. Donald S. Coburn,* Acting Essex County Prosecutor, of counsel).

PER CURIAM. Following a lengthy jury trial defendant was convicted of assault and battery on a police officer acting in the performance of his duties (*N. J. S. A.* 2A:90-4) and of possession of a dangerous weapon, to wit, "nunchaka sticks,"[1] with intent to use them unlawfully against another (*N. J. S. A.* 2A:151-56). Defendant's motion for a judgment of acquittal notwithstanding the verdict was denied, and he was sentenced to the Essex County Correctional Center for a term of nine months for assault and

---

[1] The victim of the assault described "nunchaka sticks" as two hardwood, six-sided sticks, each approximately 14 inches in length, joined together by a leather strip.

battery upon a police officer and to a concurrent 18-month term for possession of the nunchaka sticks. The 18-month term, however, was suspended and defendant was fined $250.

According to the State's proofs, defendant struck Police Officer Frederick Robson with nunchaka sticks, breaking his wrist. Officer Robson, who was assigned to the Tactical Squad of the Newark Police Department, was assaulted by defendant while he, Robson, was attempting to handcuff another person involved in a disturbance which erupted in the council chambers in the Newark City Hall.

■■ Defendant appeals, seeking a reversal of his convictions and, alternatively, a modification of his sentences on the following grounds set forth in his brief:

Point   I THE TRIAL COURT ERRED IN REFUSING TO ORDER THE STATE TO REQUEST FEDERAL AUTHORITIES TO AFFIRM OR DENY WHETHER DEFENDANT HAD BEEN SUBJECT TO WIRETAPS ON ELECTRONIC SURVEILLANCE OR, IN THE ALTERNATIVE, TO ORDER THE INDICTMENTS AGAINST DEFENDANT DISMISSED.

Point  II THE TRIAL JUDGE ERRED IN FAILING TO DISQUALIFY HIMSELF AND THE ASSISTANT PROSECUTOR FROM THE HEARING ON WITNESS ANTHONY BANKS, AND IN FAILING TO ORDER A *VOIR DIRE* BEFORE AN IMPARTIAL MAGISTRATE WITH REGARD TO ALLEGATIONS OF IMPROPRIETY RESPECTING THE WITNESS' TESTIMONY.

Point III THE TRIAL COURT ERRED IN REFUSING TO PERMIT CROSS-EXAMINATION OF THE COMPLAINING WITNESS AS TO WHETHER HE HAD BROUGHT A CIVIL ACTION AGAINST DEFENDANT.

Point IV THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION FOR JUDGMENT *NON OBSTANTE VEREDICTO* IN THAT THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.

Point  V THE TRIAL COURT ERRED IN IMPOSING A CUSTODIAL SENTENCE.

We have carefully considered these contentions and all of the arguments advanced by defendant in support of them, and find them to be clearly without merit. *R.* 2:11–3 (e)(2).

However, in affirming the judgment of the Essex County Court, we do not approve the trial court's opinion (reported *sub nom. State v. Chaitkin,* 135 *N. J. Super.* 179 (1975)) dealing with defendant's application to compel the Central Intelligence Agency, the Federal Bureau of Investigation and the Attorney General of the United States to disclose the existence of any wiretap orders and transcripts affecting him.

We are of the view that no attempt should have been made to apply § 3504(a) of the Organized Crime Control Act of 1970, 18 *U. S. C. A.* § 3504(a), (*Pub. L.* 91–452, *Title* VII, § 702(a)) or procedures established therein to this state criminal prosecution, even if only by analogy. *Section* 3504(a) "applies only to trials and other proceedings conducted under authority of the United States," *H. R. Rep.* No. 91–1549, 91st Cong., 2d Sess.——, ——, reprinted in [1970] *U. S. Code Cong. & Ad. News* 4007, 4027; see *id.,* at 4009.

Beyond this, the procedure employed here was entirely unnecessary. The evidence against defendant was not the product of any illegal wiretap or any other unlawful act. Defendant was charged simply with assault and battery upon a police officer in the performance of his duties and possession of a dangerous weapon. The proofs against defendant consisted primarily of testimony of the victim and eyewitnesses to the assault. Wiretaps played no part in this prosecution.

Affirmed.