RYDER, Judge.
Appellant, Michael Wayne Lyons, appeals from a judgment and sentence for battery.
Appellant’s only point on appeal is that the trial court erred in precluding defense counsel from cross-examining the battery victim regarding whether he had a pending claim under the Florida Crimes Compensation Act.
The Florida Crimes Compensation Act, Chapter 960, Florida Statutes (1979), was enacted by the legislature to provide governmental financial assistance for victims of crimes who suffer personal injury as a direct result of a criminal act. Section 960.-09(3) of the act specifically provides that the outcome of any criminal proceeding shall have no bearing upon the consideration of any claim under the act:
(3) Claims shall be investigated and determined, regardless of whether the alleged criminal has been apprehended or prosecuted for, or convicted of, any crime based upon the same incident, or has been acquitted or found not guilty of the crime in question owing to lack of criminal responsibility or to other legal exemption or defense.
In light of this statutory provision, we hold that the trial court correctly sustained the objection to testimony regarding the existence of a claim under the Crimes Compensation Act. The existence or nonexistence of such a claim was irrelevant to any issue at trial. The Crimes Compensation Act was carefully drafted to have no bearing on any criminal proceeding. Certainly the legislature did not intend the Crimes Compensation Act could be used as a means of attacking the credibility of victims who testify at trial.
Accordingly, the judgment and sentence of the trial court are affirmed.
SCHEB, Acting C. J., and CAMPBELL, J., concur.