464 So.2d 640 (1985)
Albert WOOTEN, a/K/a Alberto D. Wooten, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1438.
District Court of Appeal of Florida, Third District.
March 5, 1985.
Bennett H. Brummer, Public Defender and Henry H. Harnage, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Wooten, a black journeyman carpenter, was charged with attempted second-degree murder and found guilty of simple battery by a jury. The alleged victim was George Horton, a white ironworker, who at the time of the crime was working with Wooten on the thirteenth floor level of a construction project. Shortly before the incident which gave rise to the charge, Horton yelled at a black laborer and warned him that if he interfered with Horton's steel work, he would throw the laborer off the building. Soon thereafter, Horton told the defendant to move his carpentry clamp. Horton then threw the clamp over the side of the building. The defendant, nine inches shorter and fifty pounds lighter than Horton, testified that Horton said he was going to throw him off the building, and then made a racial slur about the defendant's mother. Another ironworker stepped in, and the defendant and Horton parted.
*641 The defendant testified that shortly after the parting, he stooped over close to the edge of the building, saw a shadow, and then saw Horton coming at him; the defendant sidestepped, and simultaneously hit Horton in the head with a hammer. Horton's version was that the defendant did all the threatening and, without provocation, hit Horton. Since neither the defendant's nor Horton's version of the events was corroborated to any substantial degree by other witnesses, the jury's verdict necessarily turned on its assessment of the credibility of the two antagonists.
The defendant complains on appeal that the trial court abused its discretion when it refused to allow his counsel to cross-examine Horton on the subject of whether Horton had hired an attorney to file a lawsuit on his behalf against the construction company, Wooten's employer, for damages arising out of this incident.[1]
It bears repeating that cross-examination is the traditional and constitutionally-guaranteed method of exposing possible biases, prejudices and ulterior motives of a witness as they may relate to the issues or personalities in the case at hand. See Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 354 (1974). The vital importance of full and searching cross-examination is even clearer when, as here, the prosecution's case stands or falls on the jury's assessment of the credibility of the key witnesses. See Porter v. State, 386 So.2d 1209 (Fla. 3d DCA 1980). Thus, if Horton's retaining a lawyer to bring a civil action against the defendant's employer might have undermined Horton's credibility in the eyes of the jury, it was harmful error to prohibit cross-examination about it.
While the rationales of the cases differ, it is generally held that a trial court's refusal to allow cross-examination of a witness concerning a then-pending civil action between the witness and the party seeking to cross-examine is reversible error. See Ex Parte Brooks, 393 So.2d 486, 488 (Ala. 1980) ("the jury's right to be given such evidence is, of itself, part of the fact-finding process"; even though other evidence arguably showing the interest or bias of the victim was before the jury, the cumulative evidence rule does not apply); Cabel v. State, 18 Ala.App. 557, 93 So. 260 (1922) (bias or interest may be engendered by a pecuniary interest; "the outcome of a criminal prosecution, based upon the same transaction as that of a civil action, would be regarded as having much influence upon the latter."); State v. Kellogg, 350 So.2d 656, 658 (La. 1977) ("It is the possibility of gain or loss dependent upon the witness' testimony which reveals partiality and interest... . The fact that the [victims] could possibly damage themselves by testifying to facts inconsistent with the factual basis of the civil claim reveals that they might have a motive to falsify, or that their testimony may not be wholly correct."); Commonwealth v. Marcellino, 271 Mass. 325, 326, 171 N.E. 451, 452 (1930) ("Judgment against the defendant upon the indictment on trial would at the least have a strong tendency to prevent the defendant from testifying in his own behalf on the trial of the civil action brought by the witness against him or, if he testified, to impair the value of such testimony. In other respects it would be or might become a difficult obstacle in the defense of the civil case and an important advantage to the plaintiff in prosecuting it... . The weight of his testimony with the jury may depend entirely upon their supposition that he is under no influence to prevaricate... . [The victim's] state of mind and feeling ought to be known to the jury."). See also Villaroman v. United States, 184 F.2d 261 (D.C. Cir.1950); State v. Whitman, 429 A.2d 203 (Me. 1981); 3A J. Wigmore, Evidence § 949, p. 788 (Chadbourn rev. 1970).[2] *642 Indeed, in Bessman v. State, 259 So.2d 776 (Fla. 3d DCA 1972), this court found error in the trial court's refusal to permit the defendant to ask the victim of the aggravated assault whether he had a civil suit pending against the defendant. However, we held the error harmless in view of the fact that the trial was non-jury and the fact-finder  the trial judge  was fully informed of the pendency of the civil action by statements of counsel. In the present case, however, the fact-finder  the jury  was not so informed.
The State argues that even if cross-examination concerning pending civil litigation with the defendant should have been permitted, the litigation here was not yet pending and was merely contemplated, and the contemplated litigation was a suit against the defendant's employer, not the defendant. In our view, these are distinctions without a difference. The rule that the pendency of a civil action brought against an accused by a witness in a criminal case is the proper subject of inquiry on cross-examination of the witness covers "the situation where no civil action has been commenced, but such a suit is or may be contemplated, as in the case of consultation with, or hiring of, an attorney,"[3]State v. Doughty, 399 A.2d 1319, 1323 (Me. 1979). See People v. Richmond, 35 Mich. App. 115, 192 N.W.2d 372 (1971); People v. Bruno, 77 A.D.2d 922, 431 N.Y.S.2d 106 (1980); State v. Ferguson, 5 Ohio St.3d 160, 450 N.E.2d 265 (1983). As the Maine court explained:
"The intent of a person to realize a monetary gain out of an incident which has become the subject of litigation, as may be evidenced by the pendency of a civil action for damages or by anticipatory preparation therefor through lawyer consultation or hiring, is an individualized fact having a logical tendency to show bias against the other party to the reference litigation, hostility to his cause and an interest adverse to him in the outcome of the legal dispute. Facts showing that the State's prosecuting witness may have been actuated by personal considerations instead of altruistic interest generated solely from motives in the public interest to bring a criminal to justice, ..."

State v. Doughty, 399 A.2d at 1324.
Likewise, it is of absolutely no moment that the pending or contemplated litigation is against the defendant's employer rather than the defendant, since, through the doctrine of respondeat superior, the employer may be held liable for the defendant's conduct. Thus, the witness's interest in inculpating *643 the defendant and exculpating himself from responsibility is identical in either case. See State v. Ferguson, 450 N.E.2d 265 (error to refuse to allow cross-examination of victim concerning fact that she had consulted law firm regarding bringing a civil action against defendant's former employer).
Accordingly, the judgment of conviction is reversed and the cause remanded for a new trial in accordance with this opinion.
NOTES
[1] In the jury's absence, the defendant proffered through Horton that his answer to the question was "yes."
[2] The cases cited by the State for the proposition that refusal to permit such cross examination is not error are distinguishable. In Esser v. Brophey, 212 Minn. 194, 3 N.W.2d 3 (1942), the court held that the rule prohibiting evidence of compromise so outweighed the rule permitting one to impeach a witness by showing hostility that evidence that the witness had settled a suit brought against him by the defendant should have been excluded, since no limiting instruction would be effective. In State v. Sampson, 248 Iowa 458, 79 N.W.2d 210 (1956), the court held that it would have been advisable and proper for the court to have allowed the defendant to ask the witness about a pending suit against the defendant for damages so as to show the possible undue interest of the witness in the case on trial, but because the testimony of the witness, who was injured when the defendant collided into his car, was virtually unnecessary to prove that the defendant was driving while intoxicated, there was no abuse of discretion, or, otherwise stated, the error was harmless. The remaining four cases, People v. Terkanian, 27 Cal. App.2d 460, 81 P.2d 251 (1938); Faulk v. State, 47 Ga. App. 804, 171 S.E. 570 (1933); People v. Finch, 37 Mich. App. 247, 194 N.W.2d 459 (1971); and State v. Sawicky, 164 N.J. Super. 93, 395 A.2d 878 (1978), cert. denied, 74 N.J. 494, 401 A.2d 249 (1979), simply hold the error to be non-prejudicial or harmless under the circumstances of the case, which circumstances are not revealed in the opinions.

Lyons v. State, 384 So.2d 982 (Fla. 2d DCA 1980), which the State calls "strikingly similar" to the case at hand, is not similar at all. There, the defendant was precluded from cross-examining the battery victim regarding whether he had a pending claim under the Florida Crimes Compensation Act. The court approved the preclusion solely because the Act specifically provided that the outcome of any criminal proceeding shall have no bearing upon a claim under the Act.
[3] Proof that the witness, after consulting with lawyers, never brought a civil action against the larceny defendant has been held inadmissible. See State v. Sexsmith, 186 Wash. 345, 57 P.2d 1249 (1936). The decision not to bring a civil action against a criminal defendant does not bear on the witness' interest in testifying and, if offered to show that no larceny was committed, may be totally irrelevant.