# DOURM v STATE OF FLORIDA
## Case No. 87-279-AP
Fifth Judicial Circuit, Citrus County
April 4, 1988

### APPEARANCES OF COUNSEL

**John R. Vitola,** Law Offices of James Martin Brown, for appellant.

No appearance for appellee.

Before McNeal, Peterson, Tombrink, JJ.

### OPINION OF THE COURT

RAYMOND McNEAL, Circuit Judge.

Appellant, Donald E. Dourm, appeals the judgment and sentence entered by the county court after a jury trial finding him guilty of Driving Under the Influence of Alcohol and Refusal to Sign a Traffic Summons. Appellant alleges six errors by the trial court. The only issue that requires discussion is the trial court's limitation of cross-

examination regarding a potential civil suit by a witness against the defendant and the subsequent curative instruction. We find that it was reversible error to prohibit this cross-examination.

Appellant was involved in a motor vehicle accident on October 12, 1987, when his vehicle hit the rear of a vehicle driven by Esau Verge. At trial, appellant attempted to impeach Verge's testimony with questions regarding a civil lawsuit that was pending or that was contemplated by Verge against appellant. The state objected on the grounds of relevance and materiality. The court sustained the objection and instructed the jury "not to draw any inference or conclusion from the fact there may or may not be any civil suit" between Verge and the appellant.

Cross examination is the constitutionally guaranteed method of exposing bias, prejudice or motive of a witness. *Fla. Stat.* § 90.608(1)(b) (1987) permits a party, except a party calling the witness, to attack the credibility of the witness by showing that the witness is biased. Additionally, the jury may consider any interest the witness may have in the outcome of the case when weighing the witness' testimony. *Florida Standard Jury Instructions in Criminal Cases,* 2.04 (1981 Ed.).

As a general rule a defendant has a constitutional right to cross-examine a witness regarding a pending civil suit filed by the witness against the defendant. *Wooten v State,* 464 So.2d 640 (Fla. 3d DCA 1985). In *Wooten* the court extended this rule by holding that it is reversible error for the trial court to prohibit cross-examination of an alleged victim on whether the victim had hired an attorney in contemplation of litigation against defendant's employer. The court reasoned there was no distinction between filing suit and hiring an attorney because the potential monetary gain established bias or interest in either instance. *Id.* at 642.

Furthermore, testimony given during the criminal trial may be important in the civil case. The statements may be used to impeach subsequent testimony if those statements are inconsistent with the civil claim. *Fla. Stat.* § 90.801(2)(a) (1987), *see State v Kellogg,* 350 So.2d 656, 658 (La. 1977). The statements may be used to corroborate testimony if the statements are consistent with the civil claim. *Fla. Stat.* § 90.801(2)(b) (1987).

Florida follows the harmless error rule in determining whether reversible error is committed when the trial court incorrectly restricts cross-examination. Because the trial court compounded the error in this case with an incorrect curative instruction, we cannot say the error was harmless beyond and to the exclusion of every reasonable doubt. *See Dobrow v Bryant,* 427 So.2d 809 (Fla. 5th DCA 1983).

For these reasons we hold that it is reversible error to prohibit cross-examination of a witness in a criminal case on whether the witness hired a lawyer in contemplation of litigation against the defendant. Accordingly, the judgment and sentence is REVERSED and the case REMANDED for a new trial. PETERSON, E. and TOMBRINK, R. concur.