541 So.2d 699 (1989)
Darryl PAYNE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1303.
District Court of Appeal of Florida, First District.
March 28, 1989.
Rehearing Denied May 4, 1989.
Michael E. Allen, Public Defender, Phil Patterson, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant Payne seeks review of a judgment entered pursuant to a jury verdict by which appellant was convicted of one count of burglary and three counts of sexual battery and sentenced to concurrent terms of 17 years, 15 years, 15 years, and 15 years incarceration. We reverse because we find the trial court erred in denying appellant the right to cross-examine the victim about her pending civil suit against a burglary alarm company, and in giving a flight instruction.
The charges stemmed from a March 1, 1987 incident in which appellant was alleged to have forced entry into the victim's apartment, where he sexually assaulted her and took cash and credit cards from her wallet. Following a jury trial appellant was found guilty of the burglary count and the three counts of sexual battery.
During trial the court granted the state's motion in limine to prohibit appellant from cross-examination of the victim regarding her pending civil suit against a burglar alarm company as a result of the incident. *700 The state argued the existence of a civil suit was irrelevant pursuant to section 90.402, Florida Statutes. The court held that there was no connection between the defendant and the civil suit.
As to this issue, "[i]t is generally held that a trial court's refusal to allow cross-examination of a witness concerning a then pending civil action between the witness and the party seeking to cross-examine is reversible error." Wooten v. State, 464 So.2d 640 (Fla. 3d DCA 1985). We recognize of course that the victim's civil action here in question was not between her and appellant, but in Wooten the court found error in the trial court's refusal to allow the defense to cross-examine a witness regarding his civil suit against the defendant's employer for injuries the defendant had inflicted upon him. The controversy in the present case may fairly be regarded as analogous to those in which "the intent of a person to realize a monetary gain out of an incident which has become the subject of litigation, as may be evidenced by the pendency of a civil action for damages ..., is an individualized fact having a logical tendency to show bias ... and an interest ... in the outcome of the legal dispute." State v. Doughty, 399 A.2d 1319, 1324 (Me. 1979). See also Thornes v. State, 485 So.2d 1357 (Fla. 1st DCA 1986). We therefore conclude that the trial court erred in prohibiting the defense from cross-examining the victim as to her civil action.
The court over defense objections gave a "flight" instruction on grounds that "the officer was intending to arrest [appellant] and he was trying to forestall that event by locking the door [of his apartment]. They [jurors] can also believe he didn't know he was going to be arrested and the door was already locked. But I think that is a prerogative of the jury to make that factual decision." Investigator John Usry testified that when he went to appellant's apartment to serve an arrest warrant, he identified himself to appellant and told him that he was there to make an arrest. Usry stated he attempted to enter through the front door with a key provided by management. As he was unlocking the front door, appellant locked the deadbolt, forcing Usry to kick the door open.
The court gave the following instruction to the jury:
If you find that the defendant in any manner endeavored to escape or evade a threatened prosecution by concealment or other after the fact indication of the desire to evade apprehension or prosecution, such facts may be considered by you as a circumstance from which a consciousness of guilt may be inferred.
In this case the evidence indicated that when detective Usry came to appellant's residence, he requested that appellant come to the door and appellant refused. Appellant then locked the front window, and after the detective used a key to unlock the front door, appellant locked the deadbolt on the door. At that point the detective kicked open the door and found appellant standing four or five feet inside the door talking on the telephone. A flight instruction can be given "when the evidence clearly establishes that an accused fled the vicinity or a crime or did anything indicating an intent to avoid detection or capture." Feimster v. State, 491 So.2d 321 (Fla. 3d DCA 1986), rev. denied 492 So.2d 1331 (Fla. 1986). The acts of locking the window and door are not reasonably characterized as evading prosecution or avoiding (as opposed to momentarily delaying) capture. Bradley v. State, 468 So.2d 378 (Fla. 1st DCA 1985); Shively v. State, 474 So.2d 352 (Fla. 5th DCA 1985). The instruction therefore should not have been given in the face of proper timely objection.
The remaining arguments on appeal relate to alleged error in peremptory excusal of black veniremen, in delayed ruling on instruction as to potential witness bias, and in scoring for guidelines sentencing. Because those issues are effectively mooted by our reversal on grounds first above stated, and will have no necessary impact on further proceedings in the case, we do not resolve or consider their merits.
Reversed and remanded for new trial.
ERVIN and ZEHMER, JJ., concur.