PER CURIAM.
We affirm appellant’s conviction and sentence for possession of cocaine. The trial court did not err in giving the flight instruction under the circumstances of this case. See Payne v. State, 541 So.2d 699, 700 (Fla. 1st DCA 1989). The constitutional challenge to the 1989 amendment of the habitual offender statute, section 775.084, Florida Statutes (1989), has been decided adversely to appellant in Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990). Appellant could have been sentenced as an habitual offender under section 775.084 as it read prior to the 1989 amendment, so there is no reason to address the argument that the 1989 law violates the single-subject rule. McNeil v. State, 588 So.2d 303 (Fla. 1st DCA 1991); King v. State, 585 So.2d 1199 (Fla. 1st DCA 1991); Wright v. State, 579 So.2d 418 (Fla. 4th DCA 1991). Cf. Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991).
ZEHMER, BARFIELD, and ALLEN, JJ., concur.