19871. LLOYD *v.* THE STATE.

DECIDED JULY 31, 1929.

*Branch & Howard, E. L. Tiller, B. H. Burgess,* for plaintiff in error.

· *Claude C. Smith, solicitor-general,* contra.

LUKE, J. W. H. Lloyd was convicted of assault and battery by striking and seriously injuring Valentine Walker, the five-year-old child of C. O. Walker, with an automobile. The motion for a new trial is based upon the general grounds, and one special ground complaining that the court refused to permit C. O. Walker to testify on cross-examination that he had filed a suit for damages against the defendant on account of the injuries to the child.

The jury might have concluded from the testimony of C. O. Walker and others that the child had stepped on the road to cross it at a point where she could have been seen by the defendant in time for him to have avoided striking her if he had been keeping a proper lookout, when the defendant, driving his automobile at sixty miles an hour, and without sounding his horn, recklessly and negligently ran down and seriously injured the little girl. On the other hand, the defendant's case was that he was driving his automobile down the South Candler Road at from twenty to twenty-five miles an hour when the child suddenly came upon the road from a place where she could not have been seen by him, and at a time when it was impossible for him to avoid striking her, though he

blew his horn, threw on his brakes, and turned the automobile as quickly as he could to prevent the accident. Of course, the trial judge did not err in overruling the general grounds of the motion for a new trial. Indeed, we have stated the foregoing facts only to make more intelligible our discussion of the special ground.

"The state of the witness's feelings to the parties and his relationship, may always be proved for the consideration of the jury." Penal Code (1910), § 1049. "As a general rule, a party may show any fact or circumstance that may affect the credit of an opposing witness. Therefore, on the trial of a criminal case, where a witness testifies against the defendant, the fact that the prosecutor is bail for the witness on an indictment is relevant testimony on the question of the credibility of the witness." *Bates* v. *State, 4 Ga. App.* 486 (2) (61 S. E. 888). "The intent or motive of a witness is a legitimate subject of inquiry, and the fact that a witness, in his connection with any pending litigation, is influenced by financial considerations may affect his credit and diminish the weight of his testimony." *Billings* v. *State, 8 Ga. App.* 672 (70 S. E. 36). See also *Shaw* v. *State, 102 Ga.* 660 (9), 671 (29 S. E. 477).

The evidence in this case was very conflicting, and C. O. Walker's testimony was most material. His testimony in this case would almost surely be the same as that which he would give on the trial of a damage suit based upon the same transaction. True, the witness testified that he had "a good deal of feeling in the case" because his child was run down by the defendant. No doubt the jury considered this fact, as they had a right to do. Still, it has been held that the financial interest of a witness is a proper matter for the jury to consider in determining the weight to be given his testimony. We do not know that the jury's verdict would have been influenced by the rejected evidence, but we can not say that it would not. What we do say is that the evidence was admissible, and that under the law as applied to the facts of this case, it should have been admitted for the consideration of the jury. The rejection of this evidence was reversible error.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*