23485. FAULK *v.* THE STATE.

805

DECIDED NOVEMBER 4, 1933.

*J. P. Knight, H. W. Nelson,* for plaintiff in error.

*H. C. Morgan, solicitor-general,* contra.

GUERRY, J. Mrs. W. M. Faulk was convicted of the offense of assault with intent to murder, it being alleged in the indictment that on the 16th day of March, 1933, she shot Mrs. L. M. Stephens with a pistol. The evidence disclosed that Mrs. Faulk was the operator of a filling station and small store, and that just across the paved highway Mr. L. M. Stephens and his wife also operated a filling station and small store. Trade rivalry, especially over the cutting of prices on gasoline, caused unpleasantness between the neighbors. Mrs. Faulk, prior to the difficulty resulting in the shooting of Mrs. Stephens, had taken out a "peace warrant," but it was dismissed for lack of prosecution. Mrs. Faulk had rented a house belonging to her, which was near her filling station, to a Mr. Kinard and his wife. On the afternoon of the shooting Mrs. Stephens was visiting Mrs. Kinard, and while she was in the home occupied by Mrs. Kinard, Mrs. Faulk came in and ordered Mrs. Stephens out of the house. The evidence as to what occurred at this point is conflicting, Mrs. Stephens and Mrs. Kinard testifying that Mrs. Faulk cursed Mrs. Stephens and made an unprovoked assault on her with a stick, and that Mrs. Stephens in defending herself slapped Mrs. Faulk down, and Mrs. Faulk contending that Mrs. Stephens made an unprovoked assault on her and broke her glasses and caused a part of the broken glass to stick in her eye, causing her to lose sight thereof. This first difficulty ended, and Mrs. Faulk went back to her store, and a few minutes later came back with a pistol in her hand, and the uncontradicted evidence

developed that she twice shot at Mrs. Stephens, who tried to hide behind the door, and then and with a third attempt shot her in the breast, while Mrs. Stephens was trying to get out of Mrs. Faulk's sight. On April 23, 1933, after the shooting of Mrs. Stephens and after Mrs. Faulk had been arrested therefor and put in jail, L. H. Stephens instituted suit against Mrs. Faulk for the loss of the use of services of his wife by reason of the wound inflicted on her by Mrs. Faulk. Mrs. Faulk, in a cross-action, alleged that L. H. Stephens conspired with Mrs. Stephens and procured her to make an assault upon Mrs. Faulk and cause injury to her eye, and claimed damages in a named sum. Upon the present trial, counsel for the defendant attempted to question the prosecutrix as to whether she knew such "damage suit [by the husband of the prosecutrix] was instituted against Mrs. Faulk while she was in jail;" "that in that damage suit is a cross-action," and "that your husband with this damage suit had all the property both real and personal that belonged to Mrs. Faulk levied on with an attachment for this damage suit?" The trial court excluded this line of testimony and made the following note: "The damage suit referred to in the first ground of the amended motion was filed a considerable length of time subsequent to the accrual of the assault with intent to murder charge." Most of the grounds of the amendment to the motion for a new trial were but elaborations of this objection, and complain of rulings of the court when the defendant attempted to show by the prosecutrix that she knew the contents of the cross-action. The court finally allowed the prosecutrix to answer the question as to her knowledge of the allegations in the cross-action, and she stated that she did not know what was alleged therein.

■ The right to make a thorough and sifting cross-examination of a prosecutor or any other witness called against him is a basic right of a defendant. This right, however, does not go to the extent of making pertinent the allegations in a cross-action filed by the defendant against the husband of the prosecutrix a month or longer after the prosecution began. This would in effect give to the defendant the right to make charges against the prosecutor or his relatives, and bring action thereon, after the commission of the alleged crime and the instituting of a prosecution thereon, and then say such charges so made after the commission of the crime and the institution of a prosecution thereon were responsible for such

prosecution in the first place. To state it is to show its fallacy. Such charges could be made self-serving to the highest degree. In the case of *Billings* v. *State,* 8 *Ga. App.* 672 (70 S. E. 36), it was said: "It is the right of one accused of crime to show, if he can, for the purpose of discrediting the testimony of the prosecutor, that his prosecution of the case had its origin in an improper motive. To refuse to permit the defendant to show that such is the case is error, and in a close case is ground for a new trial." In the present case, under the record made, the verdict was demanded. The prosecutrix and another witness swore that the shooting was deliberate and without any thing being done by the prosecutrix at the time except trying to hide, to avoid being shot. Three shots at considerable intervals were fired by the defendant at the prosecutrix while she was trying to get away from the defendant. The defendant in her statement does not controvert this testimony. The evidence with respect to the action by the husband of the prosecutrix against the defendant and her cross-action against him was not admissible to show motive, under the facts of the case. It may have been admissible to show additional interest on the part of the prosecutrix at the time of the trial, and in a close case its exclusion might be ground for a new trial. Under the record in this case, if error, it was harmless error. It may be presumed at all events that where a person has been shot, under the circumstances disclosed by the record in this case, there is on her part a considerable degree of interest in the case.

■ There are contentions in the motion for a new trial as to the manner of rulings of the trial judge, and allegations that such rulings influenced the jury against the defendant. These assignments are without merit. Another ground of the motion is that after the prosecutrix had been examined by the solicitor and cross-examined by defendant's counsel, and a redirect examination had by the solicitor, the court sent the witness from the stand without allowing further questioning by defendant's counsel. No contention is made in the motion that there was any particular question to be asked, or that defendant was deprived thereby of showing any special defense. Moreover, any subsequent questioning could not be in rebuttal, as no new facts were developed on the redirect examination. When a witness has been directly examined by the party offering him, the opposite party has the right to a thorough

and sifting cross-examination of the witness. The party offering the witness may then examine him in rebuttal and explanation of any matter developed by cross-examination. It is usually a matter for the discretion of the trial court to say whether new matters may be gone into. If on the redirect examination the trial court allows new matter to be introduced, the opposite party may then be allowed to further cross-examine the witness as to such new matter. If no new matter is introduced and no reason shown why, through inadvertence or mistake, certain questions have been omitted, it is entirely within the discretion of the trial judge to permit further examination by either side. This rule is for the protection of the trial court in the dispatch of its business. See, in this connection, *Wood* v. *McGuire*, 17 *Ga.* 303 (2).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*