## 49311. QUINN v. THE STATE.

PANNELL, Presiding Judge.

Donald L. Quinn was indicted, tried and convicted of the offense of aggravated assault upon the person of one Mel Christian with a pistol. His motion for new trial was overruled and he appeals to this court. He enumerates error on the overruling of his motion to suppress certain evidence removed from the person of the defendant to wit: "One 45 automatic hand gun, bearing No. 298546; a wood chisel; ten 45 caliber cartridges, and a bottle containing water"; and upon the refusal of the court to admit certain evidence. His motion to suppress also related to two different search warrants and a search under these warrants on two different occasions but the overruling of the motion as to this feature is not insisted upon or argued in this court. The testimony of Archie Jackson, the Deputy Sheriff of Carroll County, relating to the arrest and search of the defendant, was substantially as follows: Jackson had a report of this shooting and before he got to the area he met an ambulance carrying Mel Christian and some police from Whitesburg, a town close by, and Jack Denny, Police Chief of Whitesburg was right behind the ambulance. Denny told Jackson not to go down toward the defendant's place as defendant would kill him, and to wait until Denny got a patrol car. Denny informed him that Christian was shot by Quinn while Christian was hunting on Quinn's land; that Quinn demanded that he get off the land and Christian replied: "Let me get my dog," and when he turned around, Quinn shot Christian in the back. Jackson then went with another policeman to the entrance of the defendant's place; the policeman in one car and Jackson in another. Shortly thereafter Denny arrived and someone told Jackson that the defendant was back up the road and they had passed him. The three cars, with Denny in the lead, then went back up the road and Quinn was pointed out to Jackson by Denny, and Jackson approached Quinn, told him he was under arrest and to put up his hands. Quinn put up his hands and turned his back to Jackson and Jackson removed a 45 caliber pistol with one cartridge in the chamber and

cartridges in the clip.

1. Probable cause exists where the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Carroll v. United States, 267 U. S. 132, 162 (45 SC 280, 69 LE 543, 39 ALR 790). See also Draper v. United States, 358 U. S. 307, 313 (79 SC 329, 3 LE2d 327). When a police officer is the informant the reliability of the informant is presumed as a matter of law. *Caudell v. State,* 129 Ga. App. 229 (199 SE2d 550).

The arrest and search of the defendant a short time after the occurrence and based upon a report from the Police Chief of Whitesburg was sufficient probable cause for the arrest and search.

2. The attorney for defendant, who was cross examining the prosecutor, upon whom the defendant was alleged to have made a felonious assault by shooting the witness with a pistol, asked the witness whether or not he had a civil action pending against the defendant arising out of the same incident. The trial judge refused to let the witness answer the question. The record was perfected to show that witness would have answered in the affirmative, and that this evidence was offered to show interest of the witness in the result of the prosecution.

" 'As a general rule, a party may show any fact or circumstance that may affect the credit of an opposing witness;' and, the evidence in this case being conflicting, and the testimony of the State's witness most material, the refusal to allow him to testify on cross examination that he had pending a damage suit based upon the same state of facts as that involved in this criminal prosecution was error requiring a new trial." *Lloyd v. State,* 40 Ga. App. 230 (149 SE 174); and Code § 38-712; *Kelly v. State,* 63 Ga. App. 231, 232 (8) (10 SE2d 417). We agree.

3. In *Faulk v. State,* 47 Ga. App. 804 (171 SE 570) it was held: "The court did not commit harmful error in ruling out testimony as complained of. Things that happen subsequently to a crime and the swearing out of a warrant are generally not admissible to show motive

on the part of the prosecutor for such prosecution. The evidence which the court refused to admit might have been admissible to show interest, but not motive, of the prosecutrix in the prosecution, and thereby discredit the· testimony of the prosecutrix, but the error in excluding it will not cause a reversal of the judgment, as the error was harmless in that the verdict rendered was demanded."

There is no conflict in the ruling in *Faulk* and what we have held in the present case in Division 2 of this opinion.

*Judgment reversed. Clark and Webb, JJ., concur.*

ARGUED MAY 9, 1974 — DECIDED JULY 12, 1974.

*Johnson & Beckham, J. Eugene Beckham, Jr., E. Carl Prince, Jr.,* for appellant.

*Eldridge W. Fleming, District Attorney, William F. Lee, Jr.,* for appellee.