## 76577. BROWN v. THE STATE.
(372 SE2d 838)

POPE, Judge.

Defendant was convicted of armed robbery of a restaurant. Defendant's sole defense was mistaken identity. Three restaurant employees identified defendant at trial. One of the employees testified on cross-examination that she did not notice any scars on the robber. Each of the three employees gave a description of the suspect to the investigating police officer. A copy of the written report of the officer's investigation was admitted into evidence. The printed form provided space for notation under several categories for personal description. The space provided for "scars" was left blank. At trial the investigating officer was asked to approach the defendant and examine his face. The officer testified he observed a scar under defendant's right eye and a scar on his left chin. During deliberation, the jury sent the following written question to the trial judge: "Could [defendant] be brought before the jury so that we could look at his scars for ourselves?" The judge refused to reopen the evidence for that purpose, noting the parties had the opportunity to exhibit the defendant to the jury during the presentation of evidence but failed to do so. In his sole enumeration of error, defendant contends the trial court abused its discretion in denying the jury's request because the judge's refusal to permit the jury to see his facial scars violated his right to due process under the United States Constitution and the Constitution of the State of Georgia.

The exhibition of scars to the jury is permissible where the existence of scars is relevant to the issues at trial. See *Daniels v. State*, 248 Ga. 591 (285 SE2d 516) (1981). However, the trial court is under no duty to reopen the evidence after jury deliberations have been commenced to admit evidence of scars or any other evidence the defendant neglected to present during the evidentiary phase of the trial. It is within the discretion of the trial judge to decide "whether or not, upon a request by the jury, after commencement of deliberations, the evidence should be reopened and new evidence admitted." *State v. Roberts*, 247 Ga. 456, 458 (277 SE2d 644) (1981).

The existence of defendant's facial scars was established by the testimony of the investigating officer. The absence of any mention of scars in the description given witnesses was also established by the evidence. Defendant had ample opportunity to exhibit the defendant to the jury during the evidentiary phase of the trial if he so wished. The judge's refusal to reopen the evidence in no way denied defendant of his right to due process.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Mark V. Clark*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.