## A90A0710. BOGGS v. THE STATE.
### (394 SE2d 401)

DEEN, Presiding Judge.

Larry Boggs was tried and convicted of aggravated assault. He appeals, contending that the trial court erred in denying his motion in limine, thereby prohibiting him from inquiring into the fact that the victim had a civil action for damages pending against the defendant. *Held*:

Boggs and the victim had spent an afternoon drinking beer at the home of the defendant's former girl friend. The men quarreled over Boggs' abusive treatment of the woman, and Boggs left. He later returned, and the men began to fight. During the struggle, the victim

was stabbed four times. Boggs admitted the stabbings to the investigating police officers. At trial, he asserted the defense of self-defense.

In criminal cases, it is reversible error where there is conflicting evidence to refuse to permit the State's witness on cross-examination to testify that he has a damage suit pending based on the same facts involved in the criminal case. *Chancellor v. State*, 165 Ga. App. 365, 372 (301 SE2d 294) (1983).

Unlike the case of *Chancellor v. State*, 165 Ga. App. 365, supra, where there was no conflict in the evidence, in the instant case there was a conflict in the evidence with regard to who was the aggressor. Defendant claimed self-defense and also that some of the victim's wounds were not deliberately inflicted by him but occurred because the victim got in the way of the knife during their fight. There was evidence that the victim was more intoxicated than either defendant or the girl friend, and that he was larger and more muscular than defendant. A neighbor testified that immediately after the fight was over he heard the victim say he was sorry he "messed with" defendant, and that defendant called for an ambulance.

Defendant testified that the victim had verbally threatened him, had attacked him from behind as he was leaving the premises, and tried to kick him but fell down because he was "real bad drunk." The fight started, according to defendant's version, when he returned for some clothing and the victim threw him against the fence. The victim put his thumb in defendant's eye while he was on top of defendant after getting defendant down on the ground, and he got cut during this time. Defendant never deliberately stabbed the victim, he said, and he too sustained cuts.

In ruling at the beginning of the trial, the court prohibited defendant from eliciting from the victim, a State's witness, that he had pending a civil action against defendant for his injuries. Defendant wished to cross-examine him to establish this fact to prove his interest in the outcome of the criminal trial and so attack his credibility.

Defendant was entitled to a thorough and sifting cross-examination. OCGA § 24-9-64. He was entitled to show the state of the witness' feelings towards him and the witness' relationship to him. OCGA § 24-9-68. *Kelly v. State*, 63 Ga. App. 231, 240 (8) (10 SE2d 417) (1940); *Lloyd v. State*, 40 Ga. App. 230 (149 SE 174) (1929).

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED MAY 11, 1990.

*Roger L. Curry*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy*

*I. Jordan, Assistant District Attorneys,* for appellee.