A98A1442. SPITZBERG v. THE STATE.
(506 SE2d 143)

BLACKBURN, Judge.

Edward Spitzberg appeals his conviction of a violation of OCGA § 40-6-270 due to his failure to stop at the scene of an accident.

OCGA § 40-6-270 (a) (1) requires that the "driver of any vehicle

involved in an accident resulting in injury . . . shall immediately stop . . . and shall . . . [g]ive his name and address and the registration number of the vehicle he is driving." Such Code section also requires that the driver exhibit his driver's license, upon request, and that he render reasonable assistance to the injured party. OCGA § 40-6-270 (a) (2), (3). Therefore, the issue for the jury to decide was whether the victim was injured in such a way that required the defendant to stop and provide the information required in OCGA § 40-6-270.

1. Spitzberg contends that the trial court erred in disallowing any testimony regarding whether the victim was the plaintiff in a pending civil action against defendant arising out of the same circumstances as the criminal prosecution. "In criminal cases, it is reversible error where there is conflicting evidence to refuse to permit the State's witness on cross-examination to testify that he has a damage suit pending based on the same facts involved in the criminal case." *Boggs v. State*, 195 Ga. App. 605, 606 (394 SE2d 401) (1990). The issue before this Court is whether there was conflicting evidence presented to the jury.

The victim, who was the State's witness, testified that as he was crossing the street in the cross walk, the defendant's car hit his left side and knocked him to the ground. After he got up, the defendant asked him through the front windshield if he was all right. The victim testified that he did not respond but looked at his watch and walked around to the back of the defendant's car to obtain the tag number. The victim further testified that the defendant looked in his rear view mirror and asked if the victim had gotten the tag number. After the victim said yes, the defendant sped away. The victim testified that he immediately suffered stinging and pain on his right hand and shoulder where he had landed on the ground and that as he walked he felt increasing pain in his left hip, thigh and lower leg. The defendant testified that he struck the victim who appeared to be uninjured, so the defendant "went about [his] business." The defendant further testified that he asked if the victim was hurt and the victim responded that he was okay.

The victim's testimony and the defendant's testimony did conflict as to whether the victim acknowledged that he was unhurt. Therefore, because the extent of the victim's injury was the paramount issue before the jury, such a conflict, although slight, is sufficient to allow cross-examination regarding any pending civil action arising out of the same facts. "As a general rule, a party may show any fact or circumstance that may affect the credit of an opposing witness; and, the evidence in this case being conflicting, and the testimony of the State's witness most material, the refusal to allow him to testify on cross examination that he had pending a damage suit based upon the

same state of facts as that involved in this criminal prosecution was error requiring a new trial." (Punctuation omitted.) *Quinn v. State*, 132 Ga. App. 395, 396 (2) (208 SE2d 263) (1974).

2. Spitzberg contends that the trial court erred in failing to recharge the jury upon its request for a copy of the law pertaining to leaving the accident scene and the ability of a driver to leave an accident scene if there are no injuries. However, "[t]he accepted practice in Georgia . . . is not to allow jurors to take written instructions with them into the jury room." *Grimes v. State*, 199 Ga. App. 152, 154 (404 SE2d 324) (1991). Although the trial court did not err in not allowing a copy of the requested charge to be given to the jury, the better practice would be to reissue such charges verbally which the court herein refused. See *Gidden v. State*, 205 Ga. App. 245, 248 (2) (422 SE2d 30) (1992) (" 'It was not only the court's prerogative but its duty to inform the jury on any question of law about which they were confused, when such confusion was apparent to the court, although there was no specific request from the jury for such a charge.' ").

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 12, 1998.

*Manchel, Johnson & Wiggins, Howard J. Manchel*, for appellant.
*June D. Green, Solicitor, Wanda L. Dallas, Assistant Solicitor*, for appellee.