A99A0885. HAMILTON v. THE STATE.
(517 SE2d 118)

BLACKBURN, Presiding Judge.

Following a jury trial, Rodriguez Hamilton appeals the denial of his motion for new trial contending: (1) the evidence does not support the convictions of burglary, two counts of false imprisonment, two counts of armed robbery, hijacking a motor vehicle, and possession of a firearm during the commission of a crime; (2) the trial court erred by restricting defense counsel's cross-examination of a witness; and (3) he received ineffective assistance of counsel at his trial. For the reasons which follow, we affirm.

1. Hamilton contends that the trial court erred in denying his motion for a new trial based on the insufficiency of the evidence. We disagree.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Hamilton] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*,

443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

Viewed in this light, the evidence shows that on August 11, 1997, in the early morning hours, Hamilton and another man entered an apartment at 430 Fairhope Street in Augusta, Georgia, where Tameka Pollard and Christopher Dunbar lived. Hamilton and his co-assailant, demanding money and valuables, drove Pollard and Dunbar from their beds at gunpoint. Pollard and Dunbar were made to lie on the floor while the men ransacked the apartment. Then, Hamilton and his co-assailant forced Pollard and Dunbar, at gunpoint, outside to Dunbar's car. Hamilton and his co-assailant loaded the car with the belongings taken from Pollard and Dunbar. After demanding that Pollard start the car, Hamilton and his co-assailant told the two victims to return to the apartment, and then they drove off. This evidence was sufficient to authorize the jury's finding that Hamilton was guilty, beyond a reasonable doubt, of the offenses of which he was convicted. See *Jackson*, supra.

2. The trial court did not err in sustaining the State's objection to the cross-examination of Investigator Bowen by defense counsel. At the time of the objection, defense counsel argued that Bowen's testimony would show inconsistencies between the victims' testimony at trial and what Bowen reported at the time of the incident. "Although a defendant is entitled to a thorough and sifting cross-examination of the witnesses against him, the scope of cross-examination is largely within the discretion of the trial court and will not be interfered with by this court unless abused." *Smith v. State*, 171 Ga. App. 758, 761 (6) (321 SE2d 213) (1984). We find no abuse here because defense counsel did not lay the proper foundation to impeach the victim witnesses.

A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him . . . the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible.

OCGA § 24-9-83.

In this case, defense counsel had not questioned the victims about the information contained in Bowen's report. Since the victims were not given the opportunity to explain or deny the alleged inconsistencies, the proper foundation was not laid. *Horne v. State*, 204 Ga. App. 81 (418 SE2d 441) (1992). The trial court properly restricted the cross-examination of Bowen.

3. Finally, Hamilton claims he received ineffective assistance at trial.

> [T]o establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [Hamilton] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. In addition, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Punctuation omitted.) *Herndon v. State*, 235 Ga. App. 258-259 (509 SE2d 142) (1998).

Hamilton claims that his counsel was ineffective in either failing to move to suppress or to object to a photographic lineup identification. However, there was no testimony from trial counsel at the hearing on the motion for new trial, and without such testimony it is difficult for a defendant to overcome the presumption that counsel's actions were strategic. *Russell v. State*, 269 Ga. 511 (501 SE2d 206) (1998); *McClarity v. State*, 234 Ga. App. 348 (506 SE2d 392) (1998). The decision whether to move to suppress or to object to evidence is a strategic decision by counsel and does not constitute ineffective assistance of counsel without a contrary showing. *Herndon*, supra. Hamilton failed to make the requisite showing, and therefore counsel's action in failing to object to the photographic lineup is presumed strategic. The trial court properly denied the motion.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 27, 1999.

*Jeffrey S. Bowman*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.