## A99A2502. PAUL v. THE STATE.
### (524 SE2d 549)

MCMURRAY, Presiding Judge.

A Richmond County jury convicted Larry Marion Paul of aggravated assault with a deadly weapon (OCGA § 16-5-21) and possession of a knife during the commission of certain crimes (OCGA § 16-11-106).[1] Defendant appeals, contending that the trial court erred in: (a) denying him his right to a thorough and sifting cross-examination of the victim concerning the victim's willingness to dismiss his civil action for damages against defendant arising upon the facts of the case sub judice, and (b) in expressing its opinion of the accused's guilt, violating OCGA §§ 24-9-64 and 17-8-57, respectively. Defendant further contends his trial counsel was ineffective. *Held*:

The evidence of record shows that late one evening the victim went to an Augusta bar with friends to drink and play pool. There he met the defendant, a Marine veteran of the Vietnam war. The two argued during the course of the evening, at first over defendant's insistence that the two play pool for money and later over defendant's belief that the victim was staring at him and making "smart remarks" about him and others. The victim and the defendant left the bar near closing time, and a fight erupted between them in the parking lot. During the fracas, the defendant severely[2] wounded the

---

[1] The crimes occurred January 25, 1997. Defendant was indicted April 1, 1997. Trial commenced on February 3, 1999, and the jury returned guilty but mentally ill verdicts on both counts on February 4, 1999. The trial court sentenced defendant to eight years to serve for aggravated assault with a deadly weapon and five years to serve on the possession of a knife during the commission of a crime charge, to run consecutively. Defendant filed a motion for new trial on March 12, 1999. The trial court denied the motion on June 16, 1999. Defendant filed his notice of appeal on June 29, 1999, which was docketed in this Court on August 11, 1999, and submitted for decision upon oral argument on September 10, 1999.

[2] The victim suffered a six-inch cut to his abdomen exposing his small intestines, a cut

victim three times with a knife. At trial, the defendant asserted the defenses of self-defense and insanity because of post-traumatic stress disorder resulting from his combat service in Vietnam.

1. The trial court did not err in sustaining the State attorney's objection to cross-examining the victim as to whether he would dismiss his $300,000 civil action for damages against defendant based on the facts of this case. OCGA § 24-9-64. Citing *Boggs v. State*, 195 Ga. App. 605, 606 (394 SE2d 401), defendant argues that the trial court was required to allow him to pursue the dismissal issue in cross-examining the victim because of other testimony elicited from the victim on cross-examination indicating that he had not filed the civil action seeking defendant's money.

While a defendant is entitled to a thorough and sifting cross-examination of the witnesses against him, the scope of cross-examination is within the sound discretion of the trial court and, in the absence of abuse thereof, will not be disturbed by this Court. *Hamilton v. State*, 238 Ga. App. 320, 321 (2) (517 SE2d 118); *Smith v. State*, 171 Ga. App. 758, 761 (6) (321 SE2d 213). Moreover, our holding in *Boggs v. State*, 195 Ga. App. at 606, supra, was not directed to cross-examination upon the fact of a civil action for damages which was in evidence, as here. Rather, it went to a trial court's refusal to permit cross-examination of a State's witness as to whether such a suit had been filed. In *Boggs*, we pertinently held:

> In criminal cases, it is reversible error where there is conflicting evidence to refuse to permit the State's witness on cross-examination to testify that he has a damage suit pending based on the same facts involved in the criminal case. *Chancellor v. State*, 165 Ga. App. 365, 372 (301 SE2d 294) (1983).

Id. See also *Spitzberg v. State*, 233 Ga. App. 848, 849 (1) (506 SE2d 143). That the trial court allowed the pendency of the victim's civil action for damages against defendant in evidence is undisputed in the instant circumstances. Consequently, the question of whether the victim would dismiss it for any or no reason in the future was irrelevant to the relationship between the victim and witness at trial. "Defendant was entitled to a thorough and sifting cross-examination. OCGA § 24-9-64. He was entitled to show the state of the witness' feelings towards him and the witness' relationship to him. [Cits.]" *Boggs v. State*, 195 Ga. App. at 606, supra. This the trial court adequately allowed. *Hamilton v. State*, 238 Ga. App. at 321 (2), supra.

---

from the left shoulder blade to the middle of the victim's chest and a cut to the top, back part of his head.

Accordingly, this enumeration of error is without merit.

2. At the motion for new trial hearing, defendant supported his claim that the trial court erred in expressing its opinion as to what had been proved, arguing that the trial court improperly ordered the victim-witness to show his scars to the jury. Further, defendant argued that the trial court erred in asking certain questions of defendant's witnesses in the presence of the jury. Trial counsel failed to object to any comment of the trial court challenged on appeal. Neither did trial counsel move for a mistrial thereon. There thus being nothing for review on appeal, waiver results. *Davitt v. State,* 232 Ga. App. 427, 428 (2) (502 SE2d 300) (" 'The question of whether OCGA § 17-8-57 has been violated is not reached unless an objection or motion for mistrial is made.' ").

3. In his final enumeration of error, defendant asserts he was denied effective assistance of counsel. As to the grounds alleged, however, defendant has not established that his counsel's performance was deficient. *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674); *Quinn v. State,* 221 Ga. App. 399, 401 (3) (471 SE2d 337); *Ponder v. State,* 201 Ga. App. 388, 389 (1) (411 SE2d 119). (We need not address both prongs of the two-prong *Strickland* test if the showing on one prong is insufficient.)

Failing to interview and present res gestae and character witnesses was not deficient since the evidence at the hearing on motion for new trial was that trial counsel sought to limit defendant's exposure to potential evidence that the knife used in the assault was retrieved from a trash can at defendant's apartment and to foreclose rebuttal as to defendant's criminal history. Further, trial counsel testified that the State called a character witness he otherwise would have called.

Failing to object to alleged intimations of defendant's guilt by the trial court was not deficient since the evidence showed that trial counsel refrained from doing so not wishing to prejudice his client by appearing unduly confrontational in the face of the trial court's broad authority to propound questions of any witness in furtherance of the truth. *Mullins v. State,* 269 Ga. 157, 159 (3) (496 SE2d 252). Assuming arguendo that the failure of trial counsel to object or move for mistrial was deficient, we nonetheless conclude that defendant has not shown harm resulting therefrom. In this regard, we limit our review to defendant's claims of error in the trial court for intimation in violation of OCGA § 17-8-57 to those he raised on motion for new trial. *Glover v. State,* 266 Ga. 183, 184 (2) (465 SE2d 659). Thus narrowing the scope of our review, defendant complains that the trial court ordered the victim-witness to show his scars to the jury. He further complains that the trial judge asked defendant's first witness if she were a "pool hustler," and later asked a psychologist, one of

defendant's expert medical witnesses, a series of questions to determine if defendant had a history of attempted suicide by means likely to result in death. We conclude that the trial court did not abuse its discretion in ordering the victim-witness to show his scars to the jury as these were relevant to the charges against the defendant, aggravated assault with a deadly weapon and possession of a knife during the commission of certain crimes. *Brown v. State*, 188 Ga. App. 282, 283 (372 SE2d 838). We conclude, as trial counsel did, that the trial court's question regarding his witness as a pool hustler was a comment made in jest, implying that the comment was not directed at the witness. Finally, we conclude that the questions the trial court propounded to defendant's medical expert sought clarification of the expert's testimony regarding the seriousness of defendant's attempts at suicide as these might differ from perceptions he held thereof. See *Denny v. State*, 226 Ga. App. 432, 435 (10) (486 SE2d 417) (straightforward inquiry as to nature of defendant's defense not an expression or intimation of trial court's opinion under OCGA § 17-8-57). Moreover, defendant has adduced no evidence indicating that the jury did not follow the trial court's charge not to regard any of its rulings as a comment upon the quality of the proof or of the defendant's guilt.

Failing to proffer the victim's civil action for damages against defendant on the facts underlying the criminal prosecution against defendant was not deficient since trial counsel adequately established the pendency of such action in cross-examining the victim. Failing to request that the jury be excused when trial counsel argued the inadmissibility of defendant's Bowie knife was not deficient in that the trial court agreed and excluded the weapon from evidence. Finally, failing to ask hypothetical questions of his medical experts at trial in obtaining their opinion that defendant could not distinguish right from wrong at the time of the offense because he suffered from post-traumatic stress disorder was not deficient. The evidence shows that trial counsel's experts offered this opinion evidence at trial on the basis of documentary discovery trial counsel received from the State's attorney, other records, and individual interviews with the defendant. "Because the trial court's finding that [the defendant] was not denied effective assistance of counsel is not clearly erroneous, we must affirm it. [Cit.]" *Brumelow v. State*, 239 Ga. App. 119, 123 (5) (520 SE2d 776).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 4, 1999 —

*Mark J. Kadish*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.