## A01A1620. BOWEN v. THE STATE.
(556 SE2d 252)

PHIPPS, Judge.

Michael Lamar Bowen appeals his convictions for aggravated assault and criminal attempt to commit kidnapping, contending that the trial court improperly limited his cross-examination of a State's witness about her financial interest in his trial. We agree and reverse.

V. B. testified that as she was jogging on the morning of October 3, 1999, Bowen drove his car beside her. She testified that he leaned toward her, pointed a gun at her, and demanded that she get into the car. She ducked, turned, and ran away, noting the car's license tag.

Bowen testified and admitted driving his car alongside V. B., leaning toward her, and "requesting" her to get into his car. She ducked and ran away. Bowen denied, however, threatening her or having a gun during the incident.

A witness testified that when the driver said something to the jogger, a look of panic appeared on her face and she fled. The witness, however, was unable to hear the driver's words and was unable to see whether the driver held a gun.

The day after the incident, a check on the car's license tag led a police detective to Bowen's residence. A search of Bowen's bedroom closet revealed a Daisy BB pistol, which V. B. testified was similar to the one pointed at her during the incident.

Bowen contends the trial court improperly limited his cross-examination of V. B. about her financial interest in his trial based on a claim she had filed for financial assistance. At trial, his attorney proffered evidence that V. B. was seeking money from the Georgia Crime Victims Emergency Fund[1] (Fund) based on the incident underlying this case. He argued, "If the witness knows that upon conviction of a crime that she can claim the money, it is certainly relevant to show why she is testifying in the manner in which she's testifying." The trial court ruled the evidence was inadmissible as irrelevant.

"Cross-examination is the principal means by which the believa-

---

[1] See OCGA § 17-15-1 et seq.

bility of a witness and the truth of his testimony are tested."[2] "A party is entitled to a 'thorough and sifting cross-examination' of the witnesses against him. Evidence tending to show motive is *always* relevant and admissible. Further, a witness's financial interest in the outcome of a trial is always a proper subject for cross-examination."[3] And we have consistently held that in criminal cases, it is reversible error to refuse to permit cross-examination regarding the financial interest of an adverse witness arising from a pending civil suit based on the incident underlying the criminal action, where the evidence is conflicting and the adverse witness's testimony is material.[4]

No civil suit has been filed based on the underlying incident of this case, but Bowen proffered evidence of a claim by V. B. seeking financial assistance from the Fund. There is no requirement that the source of compensation to the witness be the criminal defendant.[5] We focus on the witness's financial interest, not the means through which the witness might receive compensation.[6] The General Assembly authorized the Georgia Crime Victims Compensation Board to provide awards from the Fund to certain crime victims.[7] The validity of each claim is checked by a board investigator, whose "investigation shall include, but not be limited to, an examination of law enforcement, court, and official records and reports concerning the crime. . . ."[8] No award may be made unless the board or its director finds, among other things, that a crime was committed against a person and the victim or claimant has pursued restitution against the person who committed the crime, unless the board or director determines that such action would not be feasible.[9]

We reject the State's argument that because there is no requirement that the person responsible for the crime be prosecuted for a victim to receive compensation from the Fund, V. B. did not have a financial interest in Bowen's prosecution. It is true that each claim must be investigated and determined regardless of whether an

---

[2] *Davis v. Alaska*, 415 U. S. 308, 316 (2) (94 SC 1105, 39 LE2d 347) (1974).

[3] (Citations omitted; emphasis in original.) *Cunningham v. State*, 240 Ga. App. 92, 93 (1) (522 SE2d 684) (1999); see also *Davis*, supra.

[4] See *Cunningham*, supra at 94 (1) (b) (extending proposition to include threatened civil suit where ante litem notice had been served on the State); *Boggs v. State*, 195 Ga. App. 605, 606 (394 SE2d 401) (1990); *Lloyd v. State*, 40 Ga. App. 230, 231 (149 SE 174) (1929); *Billings v. State*, 8 Ga. App. 672, 673 (2) (70 SE 36) (1911); compare *Demetrios v. State*, 246 Ga. App. 506, 509 (3) (541 SE2d 83) (2000) (court did not err by restricting cross-examination regarding a nonexistent civil suit where there was no factual basis or proffer).

[5] *Cunningham*, supra.

[6] See id.

[7] OCGA §§ 17-15-1; 17-15-3; 17-15-4 (a) (5); 17-15-10 (d). We pretermit whether the claim in this case would have been successful.

[8] OCGA § 17-15-6 (a).

[9] OCGA §§ 17-15-2 (3); 17-15-8 (a).

alleged criminal has been apprehended, prosecuted, convicted, or acquitted,[10] but the State's argument overlooks the fact that Bowen's conviction would have bolstered V. B.'s claim by providing court records showing that a crime was committed against her. Further, participating in a criminal prosecution where the trial court had the power to order restitution was a means by which V. B. could fulfill the requirement of pursuing restitution. We find that V. B.'s claim for compensation was based on the same facts underlying Bowen's prosecution and that she had a financial interest in his trial.

In this case, the evidence is conflicting, and V. B.'s testimony is material. The indictment charged Bowen with making an assault against V. B. with a pistol. He was also accused of performing an act constituting a substantial step toward the commission of kidnapping by ordering V. B. into his automobile while pointing a pistol at her, with the intent to abduct and hold her against her will. Thus, the use of a gun supplied essential elements of the crimes charged because without it, the incident was more akin to, as Bowen repeatedly testified, his effort simply to meet a woman. Bowen's conviction hinged on the credibility of V. B. because only she testified that Bowen used a gun. Bowen was entitled to cross-examine her about any financial interest in his trial to show possible improper motivation for her testimony so that the jury could make an informed judgment as to the weight to give it.[11] We reject the State's argument that evidence corroborating V. B.'s testimony rendered the error harmless and conclude that because her testimony was material and the evidence was conflicting, we cannot hold the trial court's error harmless.[12]

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 9, 2001.

*Lee Sexton*, for appellant.

*Robert E. Keller, District Attorney, Jay M. Jackson, Assistant District Attorney*, for appellee.

---

[10] OCGA § 17-15-6 (b).

[11] See *Davis*, supra at 317.

[12] See *Cunningham*, supra at 95-96 (1) (c); *Boggs*, supra; compare *Chancellor v. State*, 165 Ga. App. 365, 372 (23) (301 SE2d 294) (1983) (refusal to allow cross-examination about a pending damage suit based upon the same facts involved in the criminal case was not harmful error where court found "little conflict in the evidence" in prosecution for murder case where defendant admitted that he shot the victim but claimed justifiable homicide).