## A00A0971. BERNOUDY v. THE STATE.
### (538 SE2d 150)

BARNES, Judge.

John Bernoudy appeals from his convictions for armed robbery and possessing a gun by a convicted felon, asserting that (1) insuffi-

---

cient evidence supports his convictions, (2) the trial court improperly charged the jury on reasonable doubt, and (3) the State failed to prove venue beyond a reasonable doubt. For reasons that follow, we affirm.

1. We must review Bernoudy's "challenge to the sufficiency of the evidence under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)], construing the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict." *Sims v. State*, 226 Ga. App. 116 (1) (486 SE2d 365) (1997). Viewed in this light, the record shows that Souleyman Jallow was robbed while working in the evening as a security guard. Jallow saw emergency lights flashing on his own parked car and, after investigating, found an intoxicated man getting out of his car. When Jallow told the man he was going to call the police and walked away from him, the man told Jallow to give him his wallet. Jallow turned around, saw that the man was holding a small silver gun, and gave him his wallet. Jallow also obeyed the man's order to give him his car keys. The man then walked back to Jallow's car, and Jallow took the opportunity to run into a windowless break room, lock the door, and call the police.

When the police arrived approximately five minutes later, Jallow described the man and his clothing. The police left and returned with Bernoudy approximately 45 minutes after the robbery took place. Jallow identified Bernoudy as the man who had robbed him. When the police searched Bernoudy, they found Jallow's keys and money that matched the amount and denominations taken from Jallow. They also found a gun that Jallow identified as the one used in the robbery.

We find this evidence sufficient to support Bernoudy's convictions under the standard set forth in *Jackson v. Virginia*, supra.

2. In his second enumeration of error, Bernoudy claims the trial court erred by including the following emphasized language in its reasonable doubt charge:

> A reasonable doubt is not an imaginary doubt. *Neither does it mean a mere possibility that the defendant may be innocent.* But, as I said to you just now, it means a doubt that is founded upon reason. If you have such a doubt after consideration of the evidence in this case, then the law requires that such doubt be resolved in favor of the defendant and then it would be your duty to acquit the defendant.

(Emphasis supplied.) In *Coleman v. State*, 271 Ga. 800, 805 (8) (523 SE2d 852) (1999), the Supreme Court disapproved of the use of this language in a reasonable doubt charge and stated, "Although its use

here does not require reversal, continued use of the disapproved charge in disregard of this opinion may result in the reversal of future convictions."

Since the Supreme Court's decision in *Coleman*, we have addressed this charge in only one other case: *Cowan v. State*, 243 Ga. App. 388, 395 (7) (531 SE2d 785) (2000). In *Cowan*, we concluded, after considering the charge as a whole, that there was "no reasonable likelihood that the jury applied a standard of proof less stringent than that required by the state and federal due process clauses or other applicable law." Id.[1] As in *Cowan*, we have considered the charge as a whole and find no reversible error.

3. We find no merit in Bernoudy's claim that the State failed to prove venue beyond a reasonable doubt. Officer Catlin testified that the incident address was located in DeKalb County, and this testimony establishes venue in DeKalb County beyond a reasonable doubt.[2]

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 8, 2000.

*Lynn M. Friedewald*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, James M. McDaniel, Assistant District Attorneys*, for appellee.

---

[1] In both *Cowan* and this case, the defendant was tried *before* the Supreme Court's decision in *Coleman*, supra.

[2] Both parties to this appeal failed to cite this critical testimony, found on page 111 of the transcript, in their briefs. We take this opportunity to remind counsel that our rules require appellants and appellees to provide citations to material parts of the record or transcript. Court of Appeals Rule 27.