## A00A1573. ESPY v. THE STATE.
(539 SE2d 513)

RUFFIN, Judge.

A jury found Kieno Leon Espy guilty of armed robbery and possession of a firearm during the commission of a crime. Espy appeals, asserting that the trial court erred in admitting hearsay testimony, allowing his character to be placed in issue, commenting on his defense, and in instructing the jury. Espy also contends that he received ineffective assistance of counsel. As Espy's claims of error lack merit, we affirm.

Succinctly stated, the evidence shows that, on January 1, 1998, Bharat Brahmbhatt was working at the front desk of a Ramada Inn. That evening, two men entered the hotel and inquired about room rates. After Brahmbhatt handed the men a registration card, the taller of the two men produced a gun and demanded money. The second man opened the cash drawer and stole between $800 and $1,000.

As the two men entered the hotel, the gunman held a Coke can, which he put down on the counter before reaching for his gun. After the robbery, he left the can on the counter. The police were able to lift a latent fingerprint from the can, which matched Espy's fingerprint. Brahmbhatt also identified Espy as the gunman during the trial.

1. In his first enumeration of error, Espy contends that the trial court erred in allowing the State to place his character in issue. Detective Harry McCann, who initially attempted to serve Espy with the arrest warrant, testified that he told Espy's father that the warrant was for a probation violation. Pretermitting whether Detective

McCann's testimony put Espy's character in issue, Espy waived any error by failing to object to its admission on this basis.[1]

2. Espy also asserts that the trial court erred in admitting hearsay testimony. After the robbery, a husband and wife who were staying at the hotel approached police officer Joseph Blackard, who was investigating the crime. The wife told Officer Blackard that, approximately 15-20 minutes earlier, she had seen two men who loosely matched Brahmbhatt's description of the perpetrators near the hotel. The husband, who had been parking the car, told the officer that he had seen only one man, but that the man had been wearing a coat the same color as that worn by the gunman. Although the two witnesses were not present at trial, their statements were introduced through Blackard's testimony. Espy objected to this evidence as hearsay, but the trial court determined that it was admissible as part of the res gestae.

OCGA § 24-3-3 provides that "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." "The admissibility of declarations as part of the res gestae is left to the sound discretion of the trial court, considering the time, circumstances, and statements in question."[2] So long as the statement is relevant and made without premeditation, the trial court may admit the evidence.[3]

Prior to admitting Blackard's testimony, the trial court established that the two witnesses voluntarily approached the officer after seeing police activity at the hotel. The witnesses provided the information within 15-20 minutes from the time the crime occurred. Under these circumstances, we cannot say that the trial court abused its discretion in admitting the evidence as part of the res gestae.[4]

3. Espy maintains that the trial court improperly commented on his defense. During his case-in-chief, Espy took the stand and testified that, on the night of the robbery, he, his girlfriend, and their baby were driving around looking for a hotel room. According to Espy, a stranger asked him for a quarter to buy a Coke, and Espy handed him the Coke that he had just purchased. Following Espy's testimony, the trial court asked him "Why didn't you shop by phone for this [hotel] room instead of carrying your girlfriend and baby

---

[1] See *Beecher v. State*, 240 Ga. App. 457, 459 (3) (523 SE2d 54) (1999).

[2] (Punctuation and emphasis omitted.) *Perkins v. State*, 226 Ga. App. 613, 614 (1) (a) (487 SE2d 365) (1997).

[3] Id.

[4] See id. (witness' statement to police made seven to eight minutes after crime was admissible as res gestae); see also *Gilbert v. State*, 241 Ga. App. 57, 60 (3) (526 SE2d 88) (1999) (witness' statement to police made 30 minutes after robbery admissible as res gestae).

around at 6:00 o'clock in the nighttime? Why didn't you just have her pick up the telephone and call and check on the prices?" Espy contends that, by asking the question "in a prosecutorial tone," the trial court improperly commented on the credibility of his defense. At trial, however, Espy failed to object to this question and, thus, waived any error on appeal.[5]

4. Espy asserts that the trial court erred in defining armed robbery for the jury. The trial court instructed the jury that

> a person commits armed robbery when, with intent to commit theft, that person takes property of another from the person or the immediate presence of another by use of an offensive weapon or by any replica, article or device having the appearance of such a weapon.

Espy argues that, because the indictment specifically alleged armed robbery with an actual firearm, the jury should not have been instructed that the offense could have been committed with a replica, article, or device having the appearance of a handgun. However, by failing to object to the instruction after the trial court asked for objections, Espy waived the alleged error.[6] Even if Espy had objected, Espy's argument presents no basis for reversal.[7]

5. Espy contends that his trial counsel was ineffective for failing to object to the admission of certain evidence and failing to reserve exceptions to the jury instructions. To establish ineffectiveness, a defendant must show that trial counsel's performance was deficient and that the deficiency caused sufficient prejudice to deprive him of a fair trial.[8] With respect to the prejudice prong, "[t]he test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel."[9]

Here, Espy's fingerprint was found on a Coke can left by the gunman, and the victim positively identified him as one of the robbers. Espy does not challenge his lawyer's failure to object to the admissibility of this evidence, which is sufficient to establish Espy's guilt.

---

[5] See *Paul v. State*, 240 Ga. App. 699, 701 (2) (524 SE2d 549) (1999).

[6] See *Miller v. State*, 240 Ga. App. 18, 20 (3) (522 SE2d 519) (1999) (failure to object after a direct request for objections constitutes waiver unless substantial error results in prejudice).

[7] See *Daniels v. State*, 207 Ga. App. 689, 690 (2) (428 SE2d 820) (1993); *Hambrick v. State*, 204 Ga. App. 668, 671 (4) (420 SE2d 308) (1992); *Mattison v. State*, 215 Ga. App. 635 (1) (451 SE2d 807) (1994) (physical precedent only).

[8] *Earnest v. State*, 262 Ga. 494, 496 (5) (422 SE2d 188) (1992).

[9] (Punctuation omitted.) *McClarity v. State*, 234 Ga. App. 348, 350 (3) (506 SE2d 392) (1998).

Thus, Espy's inability to show prejudice precludes reversal on this basis.[10]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 14, 2000.

*Chapman & Pope, Daniel C. Chapman III*, for appellant.
*Richard R. Read, District Attorney, Robert D. James, Jr., Assistant District Attorney*, for appellee.

---

[10] See *Ortiz v. State*, 222 Ga. App. 432, 434 (5) (474 SE2d 300) (1996) ("Absent a showing of prejudice, no inquiry need be made into counsel's alleged deficiency.").
[1] OCGA §§ 31-7-133 (a); 31-7-143.