A05A2149. FERRILL v. THE STATE.
(628 SE2d 217)

ANDREWS, Presiding Judge.

After a jury trial, Craig Ferrill was convicted on a variety of charges, including child molestation and statutory rape. He appeals on the grounds that the trial court erred in its charge to the jury and in its handling of evidence, and that his trial counsel was ineffective. We find no reversible error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that between March 1995 and December 1997, Ferrill committed a variety of sexual acts with the victim, including placing his penis in her mouth and anus, placing his mouth on her vagina, penetrating her vagina with a dildo, and engaging in sexual intercourse with her. The molestation began when the victim was 11 years

---

[20] *Mangham v. State,* 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998).
[21] *Nashid v. State,* 271 Ga. App. 202, 205 (1) (609 SE2d 106) (2005).

old. A search of Ferrill's house produced a variety of sexual paraphernalia and pornography, a sawed-off shotgun, methamphetamine, and a small amount of marijuana. A jury eventually found Ferrill guilty of three counts of aggravated child molestation, one count each of aggravated sexual battery and statutory rape, and one count of child molestation in connection with the display of pornographic movies in the victim's presence. The jury also found Ferrill guilty of possession of an illegal firearm, possession of methamphetamine, and possession of less than one ounce of marijuana. Ferrill was sentenced to 50 years to serve. His motions for new trial were denied. On appeal, Ferrill argues that the trial court committed reversible error when it misinstructed the jury on the definition of a reasonable doubt and when it admitted the sexual paraphernalia and pornography found in his house into evidence. Ferrill also argues that he received ineffective assistance of counsel.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Although Ferrill does not challenge the sufficiency of the evidence against him, we have reviewed the record, and note that the evidence sufficed to sustain the jury's guilty verdict. *Jackson*, supra.

2. Ferrill first argues that the trial court misinstructed the jury on the definition of a reasonable doubt, as follows:

> A reasonable doubt means just what it says; it is a doubt of a fair-minded, impartial juror who is honestly seeking the truth. It is not an arbitrary or a capricious doubt, *nor does it mean the possibility that the defendant may be innocent.*

(Emphasis supplied.) The trial court repeated the italicized language concerning "the possibility that the defendant may be innocent" on two other occasions: in the course of its principal instruction to the jury, and in the course of recharging the jury after the latter asked for a reiteration of instructions concerning the concept of reasonable doubt and the distinction between direct and circumstantial evidence.

It is true that the Supreme Court of Georgia has repeatedly disapproved charges such as the one given in this case. See *Coleman v. State*, 271 Ga. 800, 804 (523 SE2d 852) (1999) (disapproving use of "possibility" language); *Mangum v. State*, 274 Ga. 573, 577 (3) (a) (555

SE2d 451) (2001) (reversing conviction on other grounds, but also repeating its admonition in *Coleman*). Since the *Coleman* decision, this Court has also disapproved such charges. See *Bernoudy v. State*, 245 Ga. App. 489, 490-491 (2) (538 SE2d 150) (2000); *Cowan v. State*, 243 Ga. App. 388, 395 (7) (531 SE2d 785) (2000). As both appellate courts have also noted, however, the use of the term "possibility," with or without the qualifying adjective "mere," " 'would have been understood by the jury to constitute only a synonym of the vague, imaginary and fanciful doubts previously discussed by the trial court.' " Id., quoting *Coleman*, supra, 271 Ga. at 804 (8). After considering the charge as a whole, then, we find no reasonable likelihood that the jury applied a standard of proof less stringent than that required by law. See *Bernoudy*, supra, 245 Ga. App. at 491 (2) (affirming conviction despite use of disapproved charge); *Cowan*, supra, 243 Ga. App. at 395 (7); *Coleman*, supra, 271 Ga. at 804 (8).

3. Ferrill next argues that the trial court erred when it admitted articles including pornographic magazines as well as three videotapes containing the word "Cherry" in their titles, nipple clips, and a box of six dildos into evidence. Again, we disagree.

The Supreme Court of Georgia has held that

[i]n a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.

*Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999).

Here, the victim testified that Ferrill had used the nipple clips on her in the course of the molestation. She also testified that Ferrill had often shown her videotapes containing the word "Cherry" in their titles as well as pornographic magazines of the kind recovered from Ferrill's house. Finally, although the victim could not confirm that the dildos in the box were the same as those used by Ferrill, she testified that they were similar to them. In each case, then, the State linked the objects introduced to the crimes charged. There was no abuse of discretion in admitting them. See *Johnson v. State*, 274 Ga. App. 69, 73 (3) (616 SE2d 848) (2005) (approving admission of videotapes watched by defendant and victim together and containing acts similar to those with which defendant was charged).

4. Finally, Ferrill argues that trial counsel was ineffective in three respects: (a) in failing to move to suppress the evidence seized

from his residence on the ground that the warrant was based on stale information and was too broad in scope; (b) in failing to move to sever the gun and drug charges from the sexual charges; and (c) in failing to object to the introduction and playing of a videotape showing Ferrill, his wife, and another couple having sex.

To prove an ineffective assistance of counsel claim, a defendant "must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "[A] strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. [A] trial court's determination that [a defendant] was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous." (Citations and punctuation omitted.) *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000).

(a) At the hearing on Ferrill's motion for new trial, trial counsel testified that his failure to move to suppress the physical evidence seized in the search of Ferrill's home was "an omission on my part," and that such a motion would have been justified given "the distance in time from what [the victim] had told the detective [in 1997] and the likelihood that the same material would still be in the house in 2002."

It is true that when trial counsel failed to file a timely motion to suppress, he waived his right to claim that the seized items were inadmissible because the search was constitutionally invalid. *Walker v. State*, 277 Ga. App. 485 (627 SE2d 54) (2006); *Copeland v. State*, 272 Ga. 816, 817 (537 SE2d 78) (2000). Trial counsel refused to introduce either the application or the warrant at trial, however, and appellate counsel has also failed to enter either document into the record. It follows that Ferrill cannot provide citations to the record in support of this argument on appeal. Since Ferrill thus cannot show that the search was illegal, he likewise cannot show that trial counsel was ineffective when he failed to move to suppress the evidence on the grounds of staleness and overbreadth. See *Wilson v. Hopper*, 234 Ga. 859, 863 (V) (218 SE2d 573) (1975) (affirming trial court's determination that counsel was not ineffective for failing to file motion to suppress results of search when underlying search warrant was missing from record on appeal).

(b) At the hearing on Ferrill's motion for new trial, trial counsel testified that he did not move to sever the gun and drug charges from the sexual charges because he "felt like the law, as [he] understood it, would not support it." Since this decision not to sever was a strategic one, Ferrill cannot show that counsel's performance was deficient on this ground. *Callendar v. State*, 275 Ga. 115, 117 (3) (a) (561 SE2d 113) (2002).

(c) The victim testified that Ferrill often showed her a homemade videotape of himself, his wife, and another couple having sex. This videotape was described by the victim prior to the police search, found during that search, and admitted without objection as to relevance. The jury saw the tape in its entirety. Since the victim's own testimony established a direct link between this videotape and her molestation, the videotape was relevant and admissible, and any objection to it on that basis would have been overruled. Ferrill cannot show that trial counsel's performance was deficient on this ground. *Hammond v. State*, 264 Ga. 879, 882 (3) (b) (452 SE2d 745) (1995).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

---

DECIDED MARCH 8, 2006 — 

*Garland, Samuel & Loeb, Donald F. Samuel, William C. Lea*, for appellant.

*William T. McBroom, District Attorney, Cindy L. Spindler, Assistant District Attorney*, for appellee.