**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**November 27, 2012**

# In the Court of Appeals of Georgia

A12A1120. GORDON v. THE STATE.

BRANCH, Judge.

On this out-of-time appeal from his conviction for aggravated battery and other crimes, Bertram Gordon argues that trial counsel was ineffective. We affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation and punctuation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that in early 2007, the victim, a cabdriver, frequently drove Gordon's girlfriend to and from her workplace and her children's daycare center, and did so at times without pay. Although Gordon and the victim were acquainted, Gordon did not approve of the friendship between the victim and the girlfriend. On April 16, 2007, Gordon called the victim and asked him where he was. The victim told Gordon that he was at a Piccadilly restaurant. Gordon borrowed his girlfriend's new Chevrolet, drove up to the victim's cab, where he was sitting with the door open, and fired at him three times, hitting him once in the left leg and once in the abdomen. Three spent rounds were found on the ground near the victim's cab.

An eyewitness saw the shooting, followed the Chevrolet, and called 911. While the eyewitness remained on the line with the 911 operator, police relayed the eyewitness's description of the car Gordon was driving to officers in the field. After a high-speed car chase ending in a crash at an apartment complex, Gordon fled on foot and was apprehended by police. The victim recognized Gordon at the scene and identified him from a photographic lineup and at trial. Gordon was charged with and found guilty of one count of aggravated assault, two counts of aggravated battery, and one count of possession of a firearm during the commission of a felony. The trial court

merged the aggravated assault count into the aggravated battery counts and sentenced Gordon to 25 years to serve. His motion for new trial was denied.

1. The evidence outlined above was sufficient to sustain Gordon's conviction. See OCGA §§ 16-5-24 (a) (defining aggravated battery as "seriously disfiguring" a person's "body or a member thereof"), 16-11-106 (b) (defining possession of a firearm during the commission of a crime); *Jackson*, supra.

2. Gordon argues that trial counsel was ineffective when he (a) failed to move for a mistrial concerning evidence that police sometimes responded to the couple's apartment when they were arguing, (b) failed to object to a police officer's testimony concerning a dispatch description of Gordon as hearsay, and (c) described his job as "hard" because he had to "convince" the jury that reasonable doubt existed as to Gordon's guilt. We disagree with these contentions.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

> A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. With respect to prejudice, a

3

challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

(Citation and punctuation omitted.) *Brown v. State*, 288 Ga. 902, 907 (5) (708 SE2d 294) (2011). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Footnote omitted.) *Suggs*, 272 Ga. at 88 (4).

(a) The record shows that during its cross-examination of Gordon, the State asked whether he and his girlfriend had experienced "conflict over the years." When Gordon confirmed that they had, the State asked whether police were sometimes called to their arguments. When Gordon responded affirmatively, the State asked whether he would sometimes "flee from the apartment when those arguments happen." At this point, trial counsel asked for and obtained a bench conference, at which he objected to the line of questioning as introducing bad character evidence. The trial court instructed the parties to "move on." Cross-examination resumed without any further reference to police responses to the couple's arguments.

4

The State's line of questioning produced a unconfirmed, brief suggestion that Gordon sometimes fled police – the same action to which he admitted on the stand when he confirmed that he sped away from police in the immediate aftermath of the shooting at issue. Counsel objected to the line of questioning about disputes with his girlfriend, with the result that the State abandoned it. "The comment was fleeting and incomplete, and the witness was immediately redirected before his testimony continued." (Citation and punctuation omitted.) *Hensley v. State*, 300 Ga. App. 136, 138 (684 SE2d 673) (2009). "A mistrial is not required where, as here, the trial court takes prompt action that effectively remedies the inadvertent introduction of 'bad character' evidence at trial." *Boatright v. State*, 308 Ga. App. 266, 268 (1) (a) (707 SE2d 158) (2011), citing *Tarver v. State*, 280 Ga. App. 89, 91-92 (2) (633 SE2d 415) (2006). Because Gordon cannot show any reasonable probability that, but for counsel's failure to move for mistrial, the result of the proceeding would have been different, the trial court's conclusion that Gordon did not receive ineffective assistance on this point was not clearly erroneous. Id. at 268-269 (1) (a) (counsel was not ineffective in failing to move for a mistrial when he had already objected to witness's "fleeting" response introducing bad character evidence and when the trial court sustained the objection).

(b) The record shows that the police officer who apprehended Gordon received a description of Gordon and the car he was driving from either the 911 operator, who kept the eyewitness on the line as police responded to the scene, or dispatch in touch with that operator. The officer testified that dispatch had informed him that Gordon was wearing "dreadlocks and a hat," a description similar but not identical to that given by the victim at trial.

Although the trial court held that trial counsel made a reasonable strategic decision not to object to the police officer's testimony about the physical description of the perpetrator, counsel could not recall at the hearing on Gordon's motion for new trial why he did not object. Statements are "nontestimonial" when made for the "primary purpose" of assisting police to meet an "ongoing emergency." *Thomas v. State*, 284 Ga. 540, 543 (2) (668 SE2d 711) (2008), citing *Davis v. Washington*, 547 U. S. 813, 821 (III) (A) (126 SC 2266, 165 LE2d 224) (2006). The description provided to the officer by the eyewitness while police were in pursuit meets the "ongoing emergency" test and was therefore "nontestimonial." Id.

"Once a determination is made that a statement is nontestimonial in nature, normal rules regarding the admission of hearsay apply." (Citation and punctuation omitted.) *Thomas*, supra at 543-544 (2). The res gestae exception to the hearsay rule

6

provides that "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. "Whether the res gestae exception should apply depends on factors including (i) the timing of the statement . . . (ii) whether the declarant was able to deliberate about the statement . . . and (iii) whether the declarant was influenced by others prior to making the statement." *Thomas*, supra at 544 (2).

This record shows that the police officer received the dispatch description of Gordon only moments after and as an immediate consequence of the eyewitness's call to 911. Under these circumstances, the officer's account of the description of Gordon was admissible under the res gestae exception to the hearsay rule. *Thomas*, supra at 544 (2); see also *Gilbert v. State*, 241 Ga. App. 57, 60 (3) (526 SE2d 88) (1999) (trial court did not clearly err in admitting eyewitness's description of robbers' car made 30 minutes after robbery when the description was "relevant" and made "without premeditation"). Because a hearsay objection to the officer's description would have been meritless, counsel could not have been ineffective for failing to object on that basis. *Sims v. State*, 281 Ga. 541, 543-544 (2) (640 SE2d 260) (2007) (failure to raise a meritless objection cannot constitute ineffective assistance of counsel).

7

(c) As to whether defense counsel's closing argument concerning the difficulty that he had as to persuading the jury that reasonable doubt existed as to Gordon's guilt improperly shifted the burden of proof on that issue, the record shows that both counsel and the trial court emphasized that it was the trial court's responsibility to explain the law. The record also shows that the trial court correctly charged the jury that the State was required to prove "each element of the crimes that are charged . . . beyond a reasonable doubt"; that "there is no burden upon [Gordon] whatsoever"; and that "reasonable doubt" could arise from conditions including "a lack of evidence," "a conflict in the evidence," or "any combination of those factors."

Taking the evidence and the trial court's charge concerning it together, Gordon cannot demonstrate a "reasonable probability" that, but for counsel's closing argument, "the result of the proceeding would have been different." *Brown*, supra at 907 (5). It follows that the trial court did not clearly err when it concluded that counsel's closing argument did not amount to ineffective assistance. See *Ferrill v. State*, 278 Ga. App. 132, 134 (2) (628 SE2d 217) (2006) (even when trial court used disapproved language in its charge on reasonable doubt, and in light of the entire charge, there was "no reasonable likelihood" that the jury applied an improper

8

standard of proof); *Brown*, 288 Ga. at 911 (5) (defendant did not show that counsel's performance in closing argument amounted to ineffective assistance).

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*